## LEE et al. v. UNITED STATES.

### No. 5606.

Court of Appeals of District of Columbia.
Argued April 5, 1932.

Decided April 25, 1932.

John D. Fitzgerald and George E. Sullivan, both of Washington, D. C., for appellants.

Henry H. Glassie and Arthur G. Lambert, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

GRONER, Associate Justice.

Congress, by Act of May 25, 1926, as amended by Acts of January 13, 1928, and March 31, 1930 (44 Stat. 630, 45 Stat. 51, 46 Stat. 136 [40 USCA § 341 et seq. and notes]), authorized the Secretary of the Treasury to acquire by condemnation certain lands and buildings in the city of Washington for the executive departments and independent establishments of the government. As a result this proceeding was instituted under section 10 of the Act of March 1, 1929 (45 Stat. 1415 [D. C. Code 1929, T. 25, § 109]). The act contains the usual provisions found in condemnation statutes, but, in addition, provides in section 10 an emergency method of

advance taking, in which case a "declaration of taking" must be filed stating the authority under which and the public use for which the property is taken, an accurate description, the sum of money estimated by the acquiring authority (the Secretary of the Treasury) "to be just compensation," and, upon the filing of this declaration and the deposit in court of the estimated amount of compensation, it is provided that title in fee simple shall vest in the United States, but with the right to the owner of the property taken to have its full and just value ascertained in a proceeding in the Supreme Court of the District—a condemnation proceeding—and to have judgment therein against the United States for the unpaid amount with interest at the rate of 6 per cent. per annum on the award or so much as is unpaid from the date of the taking to the date of final payment. The statute also gives the court in which the proceedings are pending power to fix the time and terms of the surrender of the property. In the case at bar, the court below, having ascertained that the United States had complied with the provisions of the act and the condemnation jury having been appointed and having viewed the premises, directed that appellants' land be surrendered on February 15, 1932. The appeal challenges the validity of the order on the ground that section 10 of the act is contrary to the provisions of the Fifth Amendment of the Constitution. The point is that no adequate provision is made for enforcing the payment of the sum judicially adjudged to be just compensation.

We do not understand it is contended by appellants that the Fifth Amendment requires that the taking of private property for public use by the United States must be accompanied or preceded by payment. The contrary is now settled law. Joslin Mfg. Co. v. Providence, 262 U. S. 668, at page 677, 43 S. Ct. 684, 67 L. Ed. 1167. But appellants say that this right exists only in a case in which the public faith and credit are pledged to a prompt ascertainment and payment of just compensation and there is superadded reasonable provisions for enforcing the pledge. Hence, they argue that, unless the money is already appropriated by Congress and the fund is under the control of the head of one of the executive departments of the government, a judgment of a court of the United States is not of itself sufficient, since Congress may or may not appropriate the money out of which the judgment can be paid.

We cannot accept this view, nor are we willing to admit the premise on which it is laid. As we noticed, Congress authorized the Secretary of the Treasury to condemn certain designated property in Washington City, appropriated funds for that purpose, and authorized the payment into court of so much of the appropriation as the Secretary thought proper as the initial payment—i. e., the estimated value—on account of the taking, reserving the right of the owner of the property taken to the ascertainment of just compensation in a court of proper jurisdiction, to be followed, when ascertained, by judgment against the United States with 6 per cent. interest until paid. These provisions, when carried into effect, followed by the taking of the property, amount to a pledge of the public faith and credit, and the judgment rendered in such proceeding is as binding on the United States as a judgment in a proper case would be upon the humblest individual in the land. That it is not enforceable by execution and levy as in the case of a private person does not impair its validity. The taking being duly authorized by Congress, there arises, upon the happening of that event, at once a pledge to pay, and the pledge becomes complete and definite when the ascertainment of just compensation has been duly had and a judgment entered therefor. In such a case it is unthinkable that Congress will not, with appropriate speed, provide the necessary money to discharge the judgment and interest to the date of payment, and this is all the Fifth Amendment requires in a case in which the sovereign is asserting the power of eminent domain. Crozier v. Krupp, 224 U. S. 290, 306, 32 S. Ct. 488, 56 L. Ed. 771. And see our discussion of this subject generally in Miller et al., Trustees, v. United States, 61 App. D. C. 56, 57 F.(2d) 424, decided February 29, 1932.

Nor are we any more impressed with the suggestion urged in the argument that the deposit by the Secretary of $83,000 was not a finding in good faith of the value of appellants' property for the purposes of this deposit. The amount of the deposit did not prejudice the ultimate award, and the certification of the Secretary that he regarded it as adequate is not the subject of judicial review, certainly not unless it be coupled with the assertion that the exercise of the discretion which the statute confers was arbitrary or wanton.

Appeal dismissed.