**COBO, City Treasurer, v. UNITED STATES et al.**

No. 7326.

Circuit Court of Appeals, Sixth Circuit.

Jan. 12, 1938.

Walter E. Vashak, of Detroit, Mich. (Raymond J. Kelly, of Detroit, Mich., on the brief), for appellant.

Daniel P. Cassidy, of Detroit, Mich., for appellee Klenk Land Co.

John C. Lehr and Fred R. Walker, both of Detroit, Mich., for the United States.

Before HICKS and SIMONS, Circuit Judges, and RAYMOND, District Judge.

HICKS, Circuit Judge.

This controversy grew out of a proceeding begun by the United States on April 22, 1931, to acquire certain lands of the Klenk Land Company lying along Fox creek and the Detroit river in the city of Detroit. The land company answered, and subsequently on November 13, 1931, the city was permitted to intervene and claim an easement in Fox creek for drainage and sewerage purposes and a right to use the creek as a public waterway. The city did not at that time make any claim for taxes.

On January 14, 1932, the United States filed a declaration of taking, pursuant to title 40 U.S.C., § 258a, 40 U.S.C.A. § 258a, and deposited $31,000 in the registry of the court for the use of the persons entitled thereto. On February 10, 1932, an order was entered, giving the United States immediate possession of the lands subject to the easement rights of the city in Fox creek, and directing the payment of the $31,000 to the land company as part compensation. As a result of the condemnation suit, a judgment and decree was entered in the June term of the court on August 9, 1934. The title to the land in fee simple absolute was thereby vested in the United States subject to the easement rights of the city. The land company was also allowed a recovery of $2,500 with interest, being the difference between the $31,000 already paid to it and the figure of $33,500 found by the jury to be just compensation. The amount of the recovery was deposited in the registry of the court on December 15, 1934.

On that date, and during the November term the city filed a motion to amend the verdict roll by adding its name as one of the parties to whom the award should be paid. The motion was accompanied by an affidavit of assistant corporation counsel, setting forth that the city taxes assessed against the land for the years 1930 and 1931 were due and unpaid. On January 14, 1935, this motion was denied without prejudice.

The next day Charles L. Williams, the city treasurer, moved for an order directing the payment of the city taxes for the years in question (then amounting to $1568.37 including interest and penalty) out of the funds in the registry. The treasurer's claim was that these taxes were a prior lien on the funds superior to any claim of the land company. This motion was denied without opinion; and appellant, Cobo, then city treasurer, was later substituted as the movant, in the place of Williams, who had died. We think the motion should have been granted.

The land company owed the taxes, and it is conceded that they constituted a prior and paramount lien upon the property. The lien attached until it was satisfied.

Congress no doubt realized that the Government could not acquire an unincumbered title unless and until the tax lien was discharged. We think that for this reason the following provision was incorporated in the statute above cited, to wit: "The court shall have power to make such orders in respect of encumbrances, *liens*, rents, *taxes, assessments,* insurance, and other charges, if any, *as shall be just and equitable.*" (Italics ours.)

We do not regard it as either just or equitable to deny the city's claim. It is urged that the treasurer had no standing in court because he was not a party to the original proceeding. The point is without merit. The treasurer was the movant for the order directing the taxes to be paid out of the fund, the denial of which constitutes the crux of the controversy. It is highly technical to urge that the city should have made the motion rather than the treasurer because the taxes were owing to it. This position finds no support in the record either in law or fact. To the contrary, it is shown that the treasurer was obligated by law to collect the taxes.

It is further claimed that the only time the court could direct the payment of the taxes was when the order was entered giving the United States possession of the land and disbursing the original deposit of $31,000. It is enough to say that the statute makes no such limitation.

It is also said that the judgment and decree entered at the June term were final and that the court was without the juris-

diction to entertain appellant's motion made at the succeeding term. But it must be kept in mind that the motion was to pay the taxes out of the fund in court, and we have no doubt that under the broad equity powers conferred by the statute the court had authority to make the order as long as it had any fund under its control. See U. S. v. Elliott, 6 Cir., 57 F.2d 843, and cases there cited.

It is finally said that the delay of the city in making its claim amounted to a waiver thereof. Whatever the delay, it was that of the agents of the city and should not be imputed to the city itself in the matter of the collection of its revenue. See U. S. v. Elliott, supra.

It is not just to require the United States to discharge the tax lien. It had already paid full value for the fee-simple title according to the award of the jury. Equity requires that the taxes be paid out of the fund on hand. Such payment protects the city and the United States and does no injury to the land company. It discharges the company's lawful obligation.

The order appealed from is set aside and the case remanded, with directions to order the payment of the city's tax claim out of the fund in the registry of the court.