## UNITED STATES v. CERTAIN PARCELS OF LAND IN CITY OF PHILADELPHIA et al.

### Civil Action No. 703.

District Court, E. D. Pennsylvania.

Oct. 16, 1941.

James P. McCormick, Asst. U. S. Atty., and Gerald A. Gleeson, U. S. Atty., both of Philadelphia, Pa., for the United States.

I. Irving Tubis, of Philadelphia, Pa., for Samuel Wetherill et al., defendants.

Edwin S. Ward and Michael D. Hayes, Asst. City Sols., and Francis F. Burch, City Sol., all of Philadelphia, Pa., for City of Philadelphia.

**416**

BARD, District Judge.

This matter comes before me on exceptions to the findings of the Board of View in an action by the United States for the condemnation of four parcels of land for use as a site for a post office garage, pursuant to appropriate acts of Congress.

Testimony was presented before the Board of View as to the value of the land, and from the findings as to the amounts awarded for each parcel no exceptions have been taken by either side. Of the awards made for each parcel the Board of View found that the City of Philadelphia was entitled to the following amounts for delinquent real estate taxes, and penalties and interest accrued to the date of the taking by the United States: Parcel No. 1, $10,135.85; parcel No. 2, $10,993.49; parcel No. 3, $6,953.88; parcel No. 4, $9,017.32. From this finding exceptions have been taken by the defendants, who are the parties who own the condemned parcels, and by the City of Philadelphia.

The exceptions of the defendants are based on the failure of the Board of View to consider the Tax Abatement Act of 1941, Act No. 18 of May 1, 1941, P.L. 34, 72 P.S.Pa. § 5574, et seq. The defendants contend that they are entitled to the benefit of the abatement of interest and penalties on delinquent taxes as provided by this act. This contention is opposed by the City of Philadelphia on the ground that defendants have been out of title since December 28, 1939, on which date the United States acquired title in these proceedings, and accordingly are not within the scope of the persons entitled to the benefits of this act, which was not passed until May 1, 1941.

Under my view of this matter it is unnecessary to resolve these contentions. The Tax Abatement Act of 1941 is the most recent of a series of highly similar acts passed by the Pennsylvania Legislature. It provides for the abatement of penalties and interest on delinquent taxes on condition that (1) a minimum instalment of 20% of such taxes be paid before November 1, 1941, the balance to be paid in instalments prior to November 1, 1945; and (2) current taxes be paid before delinquency. In the case at bar there are no current taxes assessed against these parcels of land, inasmuch as they are now owned by the United States. Accordingly,

the defendants are not in a position to comply with the second condition prescribed by the act as a prerequisite to obtaining its benefits, namely, payment of current taxes.

It is true, of course, that it is not the result of any voluntary act nor of any default of the defendants that no current taxes are to be paid. On the other hand, it is well established that exemptions from interest and penalties added to taxes for delay in payment are to be strictly construed and "he who claims such an exemption, relief, or abatement from their payment, when lawfully imposed, must point to clear and unmistakable warrant to support his claim." Braun, Sheriff, for Use of Fisher, to use of Louik v. DeRosa, 1937, 128 Pa.Super. 318, 325, 194 A. 514, 518. Since, therefore, the Legislature chose to require payment of current taxes as well as delinquent taxes as a condition of abatement of accrued interest and penalties, this requirement must be met by one seeking an abatement. As was said by the Superior Court in Braun, Sheriff, etc., v. DeRosa, supra, 128 Pa. Super. at page 325, 194 A. at page 518: "The primary purpose in view in the enactment of the Act of July 22, 1936, supra, and similar statutes providing for the abatement of penalties and interest added to taxes, was to encourage the prompt payment not only of back taxes *but also of current taxes,* to the end that the taxing authorities might be in possession of funds needed to carry on the operations of government. The advantage or benefit to the taxpayer was only incidental to the main object in view." (Italics supplied)

Accordingly, the exceptions of the defendants are dismissed.

The exceptions of the City of Philadelphia are to the failure of the Board of View to allow interest on their tax claims from December 31, 1939 to May 31, 1941, the date of the filing of the report by the Board of View, and to allow the cost of liens filed by the city on the delinquent tax claims.

The exceptions of the City must be sustained. The Act of April 19, 1883, P.L. 9, 53 P.S.Pa. § 4924, provides: "There shall be imposed and collected, upon all taxes registered as delinquent, in accordance with the provisions of this act, the following penalties, to wit: On the first day of February succeeding the regis-

try of any tax as delinquent, a penalty of one per centum; and on the first day of each succeeding month of that year, up to and including the first day of August, an additional penalty of one per centum for each month together with lawful interest from the thirtieth day of December, of the year for which the said taxes were assessed; * * *."

By the Act of May 16, 1923, P. L. 207, § 2, 53 P.S.Pa. § 2022, unpaid taxes on real estate are declared to be a first lien thereon, together with "all charges, expenses, and fees added thereto for failure to pay promptly." Real estate taxes which are a lien against property taken by the United States in condemnation proceedings are a lien against the fund deposited for the payment of the owner and the city or other taxing body is entitled to payment thereof before any distribution to the owner. Cobo v. United States, 6 Cir., 1938, 94 F.2d 351. Since under the above statutes the lien of the City of Philadelphia against the parcels of land condemned in these proceedings includes the amount of lien costs as well as interest on the delinquent taxes after December 31, 1939, the City should have been awarded these items by the Board of View. The contention of the defendants that interest should not be charged against them during the pendency of the proceedings to determine the value of the parcels in question is fully answered in United States v. Certain Land in City of St. Louis, Mo., D.C.E.D.Mo.1939, 29 F.Supp. 92, at page 97, wherein the court said: "The first question stated, relating to when delinquent taxes should cease to draw the interest and penalties provided by the general revenue laws, remains for determination. These delinquent taxes are all for the calendar year 1938 and prior years. The obligation for their payment matured long before the appropriation of the title to the property upon which the taxes were levied, and was in no way dependent upon the determination of any question involved in these proceedings. The interest and penalties involved were imposed by Statute to accelerate payment of taxes when due. The responsibility for their non-payment rests wholly on the property owners. The acquisition of the property by the Government did not change the situation. Neither could the land have been used for the payment of the taxes before acquisition by the Government, nor have the funds which have replaced the land been available for that purpose up to the present time. The property owners knew the taxes were delinquent and that penalties and interest were accumulating for their non-payment. If they had wanted to stop the accumulation of interest and penalties they should have done so. These proceedings have in no way prevented them from doing so. The fact that an opportunity for partial distribution pending final determination of disputed questions has been made available, has aided and not prevented the payment of these past due obligations."

The exceptions of the City of Philadelphia are sustained and it is ordered that to the amount awarded to the City of Philadelphia by the Board of View there be added interest at the rate of six per cent. per annum from December 31, 1939, to the date of payment, and also lien costs as follows: Parcel No. 1, $141.48; parcel No. 2, $120.67; parcel No. 3, $68.36; parcel No. 4, $90.36.

Subject to the above modifications, I order the funds distributed to the parties in interest in accordance with the report of the Board of View.