**UNITED STATES v. 3.08 ACRES OF LAND, MORE OR LESS, IN NORTH RIVER, BOROUGH OF MANHATTAN, CITY AND STATE OF NEW YORK, et al.**

District Court, S. D. New York.

June 2, 1942.

Harry T. Dolan, Sp. Asst. to the Atty. Gen., for petitioner-plaintiff.

William C. Chanler, Corp. Counsel, of New York City (Julius Isaacs and Charles Bisberg, both of New York City, of counsel), for defendants.

GODDARD, District Judge.

The defendant, the City of New York, moves for an order vacating and setting aside an ex parte order of this court entered in this proceeding on May 6, 1942, which order directed the clerk of the court to issue his cheque in the sum of $645,000 payable to the Secretary of the Treasury of the United States.

On March 16, 1942 the Acting Secretary of the Navy filed a "Declaration of Taking" of certain 3.08 acres of land more or less along the North River front in this City belonging to the City of New York pursuant to 40 U.S.C.A. § 258a and deposited $2,610,000 with the clerk of this court for the use of the persons entitled thereto. On the same day an order was entered granting the United States of America immediate possession of the property formerly owned by the City of New York and a judgment was entered vesting title to the property in fee simple in the United States. On May 6, 1942 the Acting Secretary of the Treasury caused to be filed an amendment to the original "Declaration of Taking" stating that the original estimate made by him of just compensation was arrived at "through error, mistake and inadvertence" and that the correct estimate of just compensation should be $1,965,000 instead of $2,610,000.

The City contends that under the provisions of the statute pursuant to which the Federal Government acquired title to the land in question, the $2,610,000, which the Government deposited with the clerk of this court, belongs to the City as just com-

pensation for the property taken by the Federal Government.

Upon the filing of the ex parte order referred to and prior to the service of the order to show cause pursuant to which this motion was brought on, the clerk issued his cheque in the sum of $645,000 to the Secretary of the Treasury and the City now requests that a mandatory injunction issue requiring the plaintiff and the Secretary of the Treasury to re-deposit this sum with the clerk of this court.

The statute in question authorizes the Federal Government, in a condemnation proceeding instituted by it in any court of the United States outside of the District of Columbia for the acquisition of any estate in real property, to file with the Clerk of the court in which the action is pending a "Declaration of Taking" signed by the authority empowered by law to acquire the land, declaring that the property is thereby taken for the use of the United States Government. At the same time the Federal authority shall deposit with the clerk a sum of money estimated by it to be just compensation for the property taken. Immediately upon filing the declaration and depositing the money, title to the property vests in the United States and title to so much or all of the money deposited as represents just compensation vests in the former owners. Just compensation is not determined immediately but is ascertained and awarded in the condemnation proceeding, at which time the former owners are entitled to judgment for that amount.

Upon application of any interested party, the court may order that the money deposited with the clerk, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in the proceeding. If the compensation finally awarded is in excess of the amount of money that has been paid to the interested parties, the court must enter judgment against the United States for the deficiency together with six per cent interest on any amount in excess of the sum deposited with the clerk.

It can be seen, therefore, that if the Federal authority underestimates the value of the property, the Federal Government is penalized to the extent that it must pay six per cent interest on any excess amount. However, if the Federal authori-

ty overestimates the value of the property and too much money is deposited with the clerk, it would seem that only title to so much of it as represents just compensation passes immediately to the former property owners. See Ramming Real Estate v. United States, 8 Cir., 122 F.2d 892. On the other hand, if it be, as the court reasoned in United States v. 266.25 Acres of Land in Charleston County, D.C., 43 F.Supp. 633, that the Federal Government is estopped from asserting that the amount deposited is in excess of the just compensation, title to the entire sum passed immediately to the former owners. Under either theory no part of the sum originally deposited with the clerk should have been returned to the Federal Government.

Assuming that the former property owners acquire title only to so much of the deposit as represents just compensation, it is impossible, at this stage of the proceedings, to determine how much that amounts to. This will not be known until an award is made in the condemnation proceedings. It follows, therefore, that until such an award is made, we will not know how much of the deposit, if any, is to be returned to the Federal Government. Undoubtedly, if the property taken is worth anything at all, title to some or all of the fund passed immediately and that amount may be paid out to the person or persons entitled thereto upon proper application being made to the court for such payment. United States v. Certain Lands, etc., D.C., 39 F.Supp. 91; Hessel v. A. Smith & Co., D.C., 15 F.Supp. 953. The fund deposited may amount to nothing more or less than a down payment on the just compensation, whereupon title to the entire amount would have passed to the former owners. See Lee v. United States, 61 App.D.C. 153, 58 F.2d 879.

Whether, in the case at bar, title to the entire fund passed immediately upon deposit to the former property owners, or whether title to part of it remains in the Federal Government, cannot be determined therefore until either an application is made for payment of the deposit or an award is made in the condemnation proceeding. Until such determination is made, no part of the fund deposited with the clerk should have been returned to the Secretary of the Treasury. Accordingly, the sum of $645,000 should be re-deposited with the clerk of this court.

The order of this court entered in the above-entitled proceeding on May 6, 1942, is vacated and set aside, and the Secretary of the Treasury is directed to re-deposit the sum of $645,000 with the clerk of this court.

Motion granted. Settle order on notice.