## UNITED STATES v. CERTAIN LAND IN CENTERLINE et al.

### No. 15792.

District Court, E. D. Michigan, S. D.

Oct. 22, 1942.

John C. Lehr, John W. Babcock, and Julius Kabatsky, all of Detroit, Mich., for the Government.

Devine, Kent & Devine, of Detroit, Mich., for respondents Minnie and Harold Bousson.

Douglas W. Ball, of Mt. Clemens. Mich., and Guy L. Frost, Centerline, Mich., for respondent administrator of Clarence Bousson Estate.

LEDERLE, District Judge.

On July 26, 1941, the Government instituted this proceeding to condemn certain land in Centerline, Michigan, for a defense housing project. Following the procedure outlined by 40 U.S.C.A. § 258a et seq., the Government filed a declaration of taking with the condemnation petition, which declaration showed the estimate of just compensation for the land taken to be $55,771.75. This sum was deposited with the clerk of the court. Immediately thereafter a judgment was entered, finding that the proceedings were regular, that such estimated just compensation had been deposited, that title vested in the Government, that "the right to just compensation for the property so taken is vested in the persons entitled thereto, and the amount of such just compensation shall be ascertained and awarded in this proceeding and established by judgment herein pursuant to law", ordering possession surrendered August 1, 1941, and further ordering the case held open for such further and other orders, judgments and decrees as might be necessary. It appears from the record that Minnie and Harold Bousson have an interest in the land. On September 10, 1941, an order was entered with the consent of the Government, providing for partial disbursement of $23,314.30 for Minnie and Harold Bousson, $13,314.30 of which was to be paid to the State of Michigan in execution of a land contract under which they had purchased the property as tax reverted lands a few months previously by matching the highest bid therefor at public auction.

On December 29, 1941, the Government filed a document entitled "Amendment of Declaration of Taking." The preamble of

this document stated: "The estimate of just compensation contained in the declaration of taking was made in error and by mistake", and the document ended with a declaration that, "the sum of money estimated by me to be just compensation for said land, at the time of the taking thereof, is $31,835.00."

On January 29, 1942, Minnie and Harold Bousson filed a petition, praying that the deposit of $55,771.75 be paid forthwith to them as compensation for the land taken without prejudice to their right "to prove at the trial of this cause, should this petition be denied, the true, correct and rightful value of the property so taken and condemned." This petition was not noticed for hearing. On March 21, 1942, the Government filed a motion, noticed for hearing coincident with hearing on the last-described Bousson petition, asking for an order directing the clerk to refund to the Government the difference between the original deposit and the estimated amount of just compensation set forth in the amended declaration, namely, $23,936.75.

Subsequently, the Administrator of the estate of Clarence Bousson, deceased, intervened and filed a petition claiming part ownership in the land contract with the State of Michigan, and petitioned the court for a partial payment of $5,000 pending further proceedings herein.

These two petitions for disbursement and the petition for refund were brought on for hearing, heard in part and continued for the filing of briefs. Minnie and Harold Bousson's final brief was filed September 17th, and on September 23rd the court requested counsel to appear for final argument of the motions on September 29, 1942. On this last date counsel appeared, and, by agreement between themselves, limited consideration to the Government's motion for refund.

 It seems to be the thought of counsel that there are no authorities directly in point. However, I am of the opinion that this matter is controlled by the case of Cobo v. United States, 6 Cir., 1938, 94 F.2d 351, not cited by counsel, which originated in this court as case number 11,067. On August 9, 1934, a final judgment on jury verdict was entered therein, adjudging and decreeing that "Klenk Land Company, the owner of said property, have and recover from the United States of America the sum of $2500," (which was the excess over es-

timated value of $31,000, previously deposited by the Government and received by Klenk Land Company), together with interest from date of original deposit, providing further that upon deposit of such excess and interest with the Clerk title should vest in the United States, subject to a drainage easement in respondent City of Detroit. The $2,500 plus interest was deposited with the Clerk on December 15, 1934. On January 15, 1935, Cobo, Detroit City Treasurer, filed a motion asking that unpaid city taxes of $1,568.47 be paid out of the funds on deposit. This motion was overruled, and, upon appeal, the Circuit Court of Appeals reversed the decision, ordering the taxes paid out of the deposit. In effect, this case holds that an amendment may be allowed at any time, either before or after judgment, which does not affect the just and substantial rights of the parties. The respondents in a condemnation proceeding are entitled to just compensation for their interest in land taken, but it would be improper for the court to allow, or for the Government to pay, more than that of the public money. Bauman v. Ross, 1896, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270. If it appears to the Government at any stage of the proceeding prior to final judgment upon jury verdict fixing the limit of just compensation that by mistake or inadvertence the amount estimated as just compensation in the declaration of taking is more than just compensation, the Government should be entitled to amend its estimate and deposit. 28 U.S.C.A. § 777. This is especially true, where, as here, no one is questioning the good faith of the Government estimating agent.

 Respondents contend that they have a vested right to the deposit, and that unless the statute is construed to require the Government to pay as compensation at least the sum set forth in the original declaration of taking they will be deprived of their property without just compensation. I have examined the authorities cited in connection with this claim, and it appears that some of the general statements in the opinions might be construed as tending toward this view. However, the reason why this argument is unsound appears in Joslin Mfg. Co. v. Providence, 1923, 262 U.S. 668, 42 S.Ct. 684, 67 L.Ed. 1167. The declaration of taking statute provides for a determination of just compensation by judicial process and for judgment against the Government. This is all that is

necessary to satisfy the constitutional requirement. Lee v. United States, 1932, 61 App.D.C. 153, 58 F.2d 879.

The Government's motion for refund has been considered also as a motion to sanction the amendment of the declaration of taking, and an order may be entered, allowing the amendment to the declaration of taking and amending the judgment on the declaration in conformity therewith, effective and operative as of the date of original declaration and deposit, July 26, 1941, and authorizing, empowering and directing the Clerk to refund to the United States Treasury the sum of $23,936.75.

The order shall further provide for placing the remaining issues herein on my Docket of Cases Ready for Immediate Trial.