## UNITED STATES v. 48,752.77 ACRES OF LAND, MORE OR LESS, IN ADAMS AND CLAY COUNTIES, NEB., et al.

### No. 20.

District Court, D. Nebraska, Hastings Division.

July 9, 1943.

Joseph T. Votava, U. S. Atty., and A. Z. Donato, Sp. Atty., Department of Justice, both of Omaha, Neb., for petitioner.

Wymer Dressler and Robert D. Neely, both of Omaha, Neb., for moving trustee.

DELEHANT, District Judge.

The petitioner is acquiring by condemnation more than seventy-six sections of land as a site for a naval ammunition plant. The property taken is almost entirely agricultural in character and includes many farms. It also includes 3.442 miles of railroad right of way with an area of 48.83 acres, the title to which is vested in the moving party, Charles M. Thomson, Trustee of the property of Chicago and Northwestern Railway Company, in certain proceedings for the reorganization of that corporation. It does not involve the evaluation or taking of the rails which have otherwise been requisitioned by federal authority for employment in the national defense.

On December 7, 1942, the petitioner filed its declaration of taking, within the contemplation of Title 40 U.S.C.A. § 258a, which contained the statutory "statement of the sum of money estimated by said acquiring authority to be the just compensation for the land taken", and also deposited in the registry of the court the amount of such estimate. In the case of the trustee's tract the estimate of just compensation and the deposit were in the sum of one dollar. The initial steps for appraisal under the statutes of Nebraska have not been taken, though they are in early contemplation. In the meantime, the petitioner's representatives charged with responsibility for the progress of the case have proceeded diligently, a great many appropriate preliminary adjustments and orders have been made, and the course of the action has been orderly and punctual.

The trustee has lately filed in the case a motion praying this court to enter an order

requiring the petitioner to make an additional deposit in the registry of the court in an amount sufficient to cover what the trustee alleges to be the just compensation for the taking of his property. He estimates this just compensation at $41,817.50 which he alleges to be the fair market value of his property taken here. He supports his assertion of value by the ex parte affidavits of certain officials and accountants of the corporation, which, in argument, he insists are adequate to establish, prima facie, the value of his condemned property.

■ The court can not pursue the course which the trustee urges. It simply has no authority or power to make the order sought. At most, the pleadings in behalf of the contending parties disclose a difference of opinion touching the value of the condemned portion of the trustee's right of way. Granting that the disparity is unusually wide and is probably based upon divergent views of the trustee's exact relation towards his right of way on the critical date, the controversy disclosed differs only in degree rather than in kind, from many others which arise between the condemning authority and the owners of lands taken in cases of this character. And the statute provides the legal machinery for their solution.

By Title 40 U.S.C.A. § 258 which has been in force for some fifty-five years, it is provided that in causes of this character, "The practice, pleadings, forms and modes of proceedings * * * shall conform, as near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State within which such district court is held, any rule of the court to the contrary notwithstanding."

Eliminating unnecessary analysis, it may be noted that Chapter 83, Article 16 (sections 83-1601 to 1606 inclusive) C.S.Neb. 1929 outlines the procedural steps for the determination of the constitutionally required just compensation for the property taken. It contemplates the appointment by the court of a board of appraisers by whom the compensation is initially determined; the timely deposit by the condemning petitioner of the amount of the award, with the resultant passage to the petitioner of the title to, and possession of, the condemned property; and the reservation to either party of the right to an appeal to the court from the board's initial award

with an ordinary judicial trial of the issues finally made on appeal including that of just compensation.

By Title 40 U.S.C.A. § 258a, enacted February 26, 1931, to facilitate and expedite the making of the acquiring authority's deposit and its acquisition of title and possession, procedure was provided for the optional filing by the condemning petitioner with the petition or at any time before judgment in cases of this character of a Declaration of Taking in which, among several other things, must be set out "a statement of the sum of money estimated by said acquiring authority to be just compensation for the land taken." Upon the filing of that declaration and the deposit in the registry of the court of the amount of money estimated as just compensation, the property condemned passes to the condemning petitioner and the right to just compensation therefor is vested in its owner. It will be clear that this optional step when taken anticipates somewhat the transfer of title and possession and the making of the deposit contemplated in the Nebraska statutes as occurring on the coming in of the appraisal by the board designated by the court; and substitutes in the first instance the estimate by the condemning authority, rather than the board's appraisal as the basis for determining the amount of the deposit. As an incentive to the tendering of an adequate estimate, the act imposes upon the petitioner the obligation to pay interest from the date of taking at the rate of six per cent per annum on the amount finally awarded, less the amount so deposited.

The constitutionality of the measure has been declared repeatedly and will not now be supported by the citation of authorities.

■ The discretion and judgment upon which the estimate of just compensation is to rest, are expressly reposed in the petitioner, that is to say, the United States of America, and are to be exercised by the executive department of the government. Reserving the court's jurisdiction in the event of appeal, it is beyond the power of the judiciary directly to control or overrule that discretion and judgment, or indirectly to nullify them by presuming to order that they be disregarded in favor of an arbitrarily larger deposit. Lee v. United States, 61 App.D.C. 153, 58 F.2d 879, 880. There the good faith of a deposit under comparable legislation was challenged; but the contention was rejected with the com-

ment that, "the amount of the deposit did not prejudice the ultimate award, and the certification of the Secretary [of the treasury] that he regarded it as adequate is not the subject of judicial review, certainly not unless it be coupled with the assertion that the exercise of the discretion which the statute confers was arbitrary or wanton." Even if an averment of arbitrary or wanton exercise of the executive discretion were made and maintained, the court would be disposed rather to deny the right to immediate taking than to order the making of an enlarged deposit in an amount summarily determined by the judge.

■ In more general areas the immunity from judicial review of legally granted executive discretion has long been an acknowledged principle of our constitutional law. Marbury v. Madison 5 U.S. 137, 1 Cranch 137, 2 L.Ed. 60; Luther v. Borden 48 U.S. 1, 7 How. 1, 12 L.Ed. 581; State of Mississippi v. Johnson, 71 U.S. 475, 4 Wall. 475, 18 L.Ed. 437; State of Louisiana v. McAdoo, 234 U.S. 627, 34 S.Ct. 938, 58 L.Ed. 1506; Adams v. Nagle, 303 U.S. 532, 58 S.Ct. 687, 82 L.Ed. 999; City of Oakland v. United States, 9 Cir., 124 F.2d 959; United States v. 243.22 acres of land, D.C., 43 F.Supp. 561; Id., 2 Cir., 129 F.2d 678; Atlantic Coast Line R. Co. v. Sebring, 5 Cir., 12 F.2d 679; Barnridge v. United States, 8 Cir., 101 F.2d 295; Coggeshall v. United States, 4 Cir., 95 F.2d 986; United States v. Gideion-Anderson Co., D.C., 16 F.Supp. 627; United States v. 72 acres of land, D.C., 37 F.Supp. 297. There seems to be no logical reason why the exercise of executive discretion in respect of an estimate of fair compensation should be excluded from the protection against judicial visitation which is accorded to other equally important phases of such discretion.

■ The law nowhere expressly or by reasonable inference vests the court with the power whose exercise is now urged. Nor can it be said to spring from any equitable consideration. The constitutional right of the trustee to just compensation, determined by due process of law is assured him. He can not demand more. Specifically, he can not demand payment of the compensation prior to or contemporaneously with the taking of his property. Sweet v. Rechel, 159 U.S. 380, 16 S.Ct. 43, 40 L.Ed. 188; Crozier v. Fried Krupp Aktiengesellschaft, 224 U.S. 290, 32 S.Ct. 488, 56 L.Ed. 771; Joslin Mfg. Co. v. Providence, 262 U.S. 668, 43 S.Ct. 684, 67 L.Ed. 1167; Hurley v. Kincaid, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637; Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265; Yearsley v. W. A. Ross Construction Co., 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554.

United States v. Rogers, 255 U.S. 163, 41 S.Ct. 281, 65 L.Ed. 566, upon which the trustee chiefly relies is neither controlling nor in point. It antedated by many years the enactment of Title 40 U.S.C.A. § 258a. But more significantly, dealing with the amount which the court should direct the condemning authority to deposit after the initial board appraisal before the declaration of taking procedure was made available, and in a case where the actual taking had substantially preceded the condemnation, it declared that the court had the right and duty to require the petitioner to deposit as initially determined just compensation not only the amount of the appraisal as of the time of taking but, in addition thereto, interest thereon from the taking to the making of the deposit. That action involved no judicial determination of value as a matter of controverted fact, but rather the declaration of a legal consequence necessarily arising upon the appraisal in determining what constituted just compensation. Here the court is invited in effect to make an appraisal.

In the light of the court's determination that it may not, in any event, enter the order sought by the trustee, the court will not presume to express an opinion upon the adequacy of the trustee's ex parte showing as a prima facie establishment of value.

An order is being made denying and overruling the motion, with due allowance of exception to the trustee.