### UNITED STATES v. PARCEL OF LAND WITH IMPROVEMENTS THEREON IN SQUARE SOUTH OF 12, DISTRICT OF COLUMBIA, et al.

#### No. 3299.

United States District Court
District of Columbia.
Oct. 11, 1951.

General Services Administration, for the taking of certain property, situate within the District of Columbia, under the power of eminent domain for the use of the United States, and for the ascertainment and award of just compensation to the owners and parties in interest. The interest in the property sought to be acquired is "the right to use and occupy the property for a term commencing on the day of taking possession thereof and ending June 30, 1952, extendible for yearly periods thereafter until June 30, 1956, at the election of the United States upon (30) thirty days' notice prior to the expiration of the original or any subsequent term; together with the right to remove within a reasonable time after the expiration of the original term or any subsequent extension thereof any and all improvements and structures placed therein by or for the United States." With the filing of the complaint was also filed a motion by the plaintiff for an order of court requiring all defendants to this action and all persons in possession or control of the property described in the complaint to surrender possession of the said property, to the extent of the estate to be condemned, to the plaintiff immediately. It is stated in said motion that the Administrator of the General Services Administration has found and determined that it is necessary and advantageous to the interests of the plaintiff to acquire such possession, and it is further stated that plaintiff is entitled to such possession as a matter of right. Certain of the defendants filed opposition to the motion for immediate possession. A hearing was had thereon, and memoranda by respective counsel subsequently submitted at the request of the Court.

The right of the Government to maintain this proceeding in condemnation is not in question. It is clearly authorized by Act of Congress, approved March 1, 1929, 45 Stat. 1415, Title 40 U.S.C.A. §§ 361–386, Sections 16–619 to 16–644, D.C.Code 1940. Section 10 of the Act approved March 1, 1929, Tit. 40 U.S.C.A. § 370, Sec. 16–628, D.C.Code 1940, provides a procedure whereby possession of the property sought to be condemned may be taken during the pendency of the condemnation proceedings, and

A Devitt Vanech, Asst. Atty. Gen., and Robert R. MacLeod, and D. H. Blackwelder, Attys., Department of Justice, Washington, D. C., for plaintiff.

Alvin O. West, Washington, D. C., for defendant.

MORRIS, District Judge.

This is an action brought by the United States at the request of the Administrator,

prior to final judgment therein.[1] Section 22 of the Act approved March 1, 1929, Tit. 40 U.S.C.A. § 382, Sec. 16–640, D.C. Code 1940, provides the procedure for acquiring possession upon final judgment when possession shall not have been awarded pursuant to a declaration of taking in accordance with procedure provided in Section 10.[2]

1. *Vesting of title and right to compensation*

"The petitioner may file in the cause, with the petition or at any time before judgment, a declaration of taking signed by the authority empowered by law to acquire the lands described in the petition, declaring that said lands are thereby taken for the use of the United States. Said declaration of taking shall contain or have annexed thereto—

"(1) A statement of the authority under which and the public use for which said lands are taken.

"(2) A description of the lands taken sufficient for the identification thereof.

"(3) A statement of the estate or interest in said lands taken for said public use.

"(4) A plan showing the lands taken.

"(5) A statement of the sum of money estimated by said acquiring authority to be just compensation for the land taken.

"Upon the filing of said declaration of taking and of the deposits in the registry of the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of 6 per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid into the registry. No sum so paid into the registry shall be charged with commissions or poundage.

The Government is not following the procedure prescribed by Section 10, insisting that it has the right to possession independent of that statute, relying upon the decision by the Circuit Court of Appeals for the Eighth Circuit, rendered March 13, 1931, in the case of Commercial Station Post Office, Inc., v. United States, 48 F.2d 183. In that case, it was held that the trial court

"Upon the application of the parties in interest, the court may order that the money deposited in the registry of the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding. If the compensation finally awarded in respect of said lands or any parcel thereof shall exceed the amount of the money so received by any person entitled, the court shall enter judgment against the United States for the amount of the deficiency.

"Upon the filing of a declaration of taking the court shall have power to fix the time within which and the terms upon which the parties in possession shall be required to surrender possession to the petitioner. The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable." Mar. 1, 1929, c. 416, § 10, 45 Stat. 1417.

2. *Delivery of possession*

"In cases in which possession shall not have been awarded pursuant to a declaration of taking, when the adjudged compensation shall have been paid into the registry as directed in the judgment of the court and a certified copy of such judgment, with a certificate of the clerk of the court showing such payment, has been served upon the person in possession of said lands, such person shall, upon demand, deliver possession thereof to the petitioner. In case possession is not delivered when so demanded, the petitioner may apply to the court without notice (unless the court shall require notice to be given) for a writ of assistance, and the court, upon proof of the service of the copy of the final order or judgment and certificate of the clerk, showing payment as aforesaid, shall thereupon cause such writ to be issued, which shall be executed in the same manner as when issued in other cases for the delivery of possession of real property." Mar. 1, 1929, c. 416, § 22, 45 Stat. 1421.

was authorized to enter an order for immediate possession, which order was entered during the pendency of the condemnation proceedings, after the compensation had been determined, but while that matter was pending on appeal. In that case the Congress had specifically authorized the Secretary of the Treasury to acquire the property there involved. It was considered by the Court that this was sufficient to assure to the owners of the property payment of just compensation as determined in the condemnation proceedings, or, in the event such proceedings were abandoned after the taking, sufficient to constitute an obligation of the United States to pay for that which was taken. It cannot be doubted that, if this decision is to be followed, there is no necessity for any statute to authorize an officer of the Government to take possession of property sought to be condemned prior to final judgment of condemnation when that officer is authorized by law to acquire such property and appropriation has been made out of which just compensation may be paid. Where the Congress, however, has provided expressly, as it has done with respect to the acquisition of land by the Secretary of War for national defense, Title 50 U.S.C.A. § 171, and in the Second War Powers Act of 1942 with respect to the acquisition of real property for war purposes by the Secretary of War, the Secretary of the Navy, and other officers of the Government designated by the President, Title 50 U.S.C.A.Appendix, § 632, as it has done with respect to the immediate possession of land for river and harbor improvements, Title 33 U.S.C.A. § 594, as it has done with respect to the immediate possession of certain property taken under the Atomic Energy Act, Title 42 U.S.C.A. § 1813(b), as it has done with respect to the declaration of taking procedure in the District of Columbia, supra, note 1, and as it has done by the Act approved February 26, 1931, 46 Stat. 1421, Title 40 U.S.C.A. § 258a, entitled "An Act To expedite the construction of public buildings and works outside of the District of Columbia by enabling possession and title of sites to be taken in advance of final judgment in proceedings for the acquisition thereof under the power of eminent domain", I cannot possibly infer that the Congress intended by implication to authorize the advance taking of such possession in the absence of express authority so to do. It is urged in argument by counsel for the Government that the Act of February 26, 1931, last referred to was not needed to confer the right of taking immediate possession in that it provided that it was in addition to any right which the United States had, and was not intended to abrogate, limit, or modify any such right. In this connection, it should be noted that the Supreme Court, in the case of Catlin Trustees v. United States, 324 U.S. 229, at page 239, 65 S.Ct. 631, 636, 89 L.Ed. 911, speaks of this Act as giving "the *additional* right conferred 'to take possession and title *in advance of final judgment.'*" (Emphasis supplied by the Supreme Court.)

The necessity for express authorization for an officer of the Government to acquire possession and title to property in advance of final judgment in condemnation proceedings is clearly evident in the view of the Committees of Congress which recommended the passage of the Act providing for the present procedure in the District of Columbia.[3] This is also quite clear from the report of the committees of Congress recommending the enactment of the Act approved February 26, 1931,[4] supra, which follows closely the provisions for the declaration of taking previously enacted as part of the condemnation procedure in the District of Columbia. The report of the Senate Committee on the Judiciary just referred to sets forth a letter to its Chairman, Honorable George S. Graham, from the Honorable William D. Mitchell, then Attorney General of the United States, which so explicitly points out the necessity for express legislation that it is quoted in

3. Report No. 1693, House of Representatives, 70th Congress, 1st Session, House Reports, Vol. 4, and Report No. 1431, Senate, 70th Congress, 2d Session, U. S. Senate Reports, Vol. 1.

4. Report No. 2088, House of Representatives, 71st Congress, 3d Session, House Reports, Vol. 1, and Report No. 1326, Senate, 71st Congress, 3d Session, Senate Reports, Vol. 1.

full.[5] Again, on the occasion of the amendment of the First War Powers Act by the enactment of Title II of the Second War Powers Act of 1942, the Honorable Francis Biddle, then Attorney General of the United States, submitted a statement at the hearings before the Committee on the Judiciary, House of Representatives, of the 77th Congress, Second Session, in which he pointed out the need for the express authority to take immediate possession and use of property prior to the completion of condemnation proceedings, then applicable only to the Secretary of War, to be extended to the Secretary of the Navy and any other officer or agency designated by

5. "Department of Justice
Washington, D. C., December 2, 1930.
"Hon. George S. Graham,
Chairman Committee on the Judiciary, House of Representatives, Washington, D. C.

"My Dear Mr. Chairman: I inclose herewith a draft of a bill, the purpose of which is to expedite the taking of title and possession of lands authorized to be acquired by the Government for public use outside the District of Columbia and thus expedite the construction of public buildings and works authorized by Congress. In drafting this bill, the act of March 1, 1929 (45 Stat. 1415), providing for the acquisition of lands in the District of Columbia for the use of the United States, has been closely followed.

"Outside of the District of Columbia, proceedings by the Federal Government are usually conducted in accordance with procedure prescribed by State statutes. Many of these State statutes provide that the condemning authority may, upon deposit or security or pledge of adequate compensation, take immediate possession of the property on the institution of the condemnation proceedings, so that the public improvements or public works do not have to be delayed until the end of the litigation as to compensation, which often is carried through appellate courts. Except in the case of the Secretary of War, we have not been able to take advantage of such procedure under State law because Congress usually places a limit on the amount which may be expended for sites, and there is no statute which authorizes the head of any executive department, except the Secretary of War, in condemnation proceedings outside of the District of Columbia, to irrevocably commit the Government to pay the ultimate award, which may possibly exceed the appropriation. The Secretary of War has that power under the provisions of the act of July 18, 1918. (Ch. 155, Sec. 5, 40 Stat. 911; U.S.C., title 33, sec. 594.) In many cases we know that the ultimate award will not exceed the existing appropriation, but, nevertheless, can not legally commit the Government irrevocably to payment of the award, and, of course, unless the Government is ready to bind itself to pay the ultimate award it should not be allowed to take possession before the final judgment.

"In the act of March 1, 1929 (45 Stat. 1417, sec. 370, title 40, U.S.C.) relating to the District of Columbia, Congress. enacted a provision authorizing the executive authority in charge of the condemnation proceeding for sites for public buildings within the District of Columbia to take possession and title in condemnation proceedings before the final judgment, upon depositing in the registry of the court what the executive head considers to be a fair value and binding the Government to pay any additional amount that may be awarded. It would greatly expedite the public building program if a similar authority is given with respect to public building sites outside of the District. We have a number of cases now where the Treasury is ready to go ahead and construct public buildings outside of the District, but is unable to do so because appeals have been taken from the compensation awards and final judgment has thus been postponed. There are many causes for delay in the acquisition of these sites outside of the District, and this proposed measure affords, in my opinion, the most important step that can be taken to expedite construction.

"As Congress has already given this subject careful consideration in enacting the act of March 1, 1929, relating to the District of Columbia, the inclosed bill follows verbatim the provisions of section 10 of that act. I have inserted one safeguard that is not in the District of Columbia act, and that is the provision that the head of the executive department in charge of the condemnation will not exercise the power to take immediate possession and thus commit the Government irrevocably to pay the final award, unless, in his opinion, the ultimate award will probably be within any limit set by Congress.

"I hope, therefore, that you will introduce this measure and shall appreciate anything you may be able to do to secure its early passage. If I can be of any assistance to the committee, I shall be glad to appear before it if requested.

"Respectfully yours,
"William D. Mitchell,
Attorney General."

the President.[6] And finally, in 1945, when the Congress amended Title II of the Second War Powers Act of 1942 by repealing the authority theretofore granted to the Secretary of War, the Secretary of the Navy and any other officer or agency of the Government designated by the President to take possession of property prior to final judgment in condemnation proceedings, the Committee on the Judiciary of the House of Representatives stated in its report that—

\* \* \* \* \* \*

"During our preparation for adequate national defense, and while the shooting part of the war was on, the Congress of necessity had to grant extraordinary powers for such purposes and for the fulfillment of the inevitable aftermath. These were loosely called war powers.

"Now that we have won back much of our safety and peace, it is the determination of Congress to recapture those powers as speedily as may be wise, for the people, so that they may be again exercised in accordance with the slower but more desirable processes of democracy."

\* \* \* \* \* \*[7]

By amendment to the Rules of Civil Procedure for the United States District Courts, 28 U.S.C.A., transmitted by the Chief Justice to the Congress, as required by law, and which became effective on August 1, 1951, the purely procedural matters in condemnation cases in the United States District Courts are now governed by the existing Rules of Civil Procedure, except as provided in a new rule, 71A, which deals specifically with certain procedural matters in such cases. It is to be noted, however, that the Advisory Committee, the Chairman of which is former Attorney General William D. Mitchell, which drafted such rules and recommended the adoption to the Supreme Court, in their supplementary report to the Chief Justice and Associate Justices of the Supreme Court of the United States, stated [11 F.R. D. 222, 227, 228]:

"We call attention to the fact that the proposed rule does not contain a provision for the procedure to be followed in order to exercise the right of the United States to take immediate possession or title, when the condemnation proceeding is begun. There are several statutes conferring such a right which are cited in the original notes to the May 1948 draft \* \* \*[8]. The existence of this right is taken into account in the rule. In paragraph (c)(2), \* \* \*, it is stated: 'Upon the commencement of the action, the plaintiff need join as defendants only the persons having or claiming an interest in the property whose names are then known.' That is to enable the United States to exercise the right to immediate title or possession without the delay involved in ascertaining the names of all interested parties. The right is also taken into account in the provision relating to dismissal (paragraph (i) subdivisions (1), (2) and (3), \* \* \*); also

6. Hearings before the Committee on the Judiciary, House of Representatives, 77th, Congress, 2d Session, on S. 2208, p. 8, at p. 10, U. S. House Judiciary Committee hearings, 77th Congress, Serial 8–19.

7. Report No. 1282, House of Representatives, 79th Congress, 1st Session, at p. 2 (see also p. 8), House Reports, 79th Congress, 1st Session, 1945, Vol. 6.

8. "Rule 71A is not intended to and does not supersede the Act of February 26, 1931, c. 307, §§ 1–5 (46 Stat. 1421), 40 U.S.C. §§ 258a–258e, which is a supplementary condemnation statute, permissive in its nature and designed to permit the prompt acquisition of title by the United States, pending the condemnation proceedings, upon a deposit in court. [Cit-

ing cases.] The same is true insofar as the following or any other statutes authorize the acquisition of title or the taking of immediate possession:

"U.S.C., Title 33:

§ 594 (When immediate possession of land may be taken; for a work of river and harbor improvements).

"U.S.C., Title 42:

§ 1813(b) (When immediate possession may be taken under Atomic Energy Act).

"U.S.C., Title 50:

§ 171 (Acquisition of land by the Secretary of War for national defense).

§ 632 App. (Second War Powers Act, 1942; acquisition of real property for war purposes by the Secretary of War, the Secretary of Navy, and others)." 11 F.R.D. 239.

in paragraph (j) relating to deposits and their distribution.

"The Advisory Committee considered whether the procedure for exercising the right should be specified in the rule and decided against it, as the procedure now being followed seems to be giving no trouble, and to draft a rule to fit all the statutes on the subject might create confusion." [9]

There certainly is no doubt that the power of eminent domain is not dependent upon any specific grant in the Constitution; it is an attribute of sovereignty, limited and conditioned by the just compensation clause of the Fifth Amendment. It is recognized that there is no right to the possession under the exercise of the power of eminent domain until reasonable, certain and adequate provision is made for obtaining just compensation. See Hanson Lumber Co., Ltd. v. U. S., 261 U.S. 581, 587, 43 S.Ct. 442, 67 L.Ed. 809. This, of course, does not mean that possession may only be taken when accompanied or preceded by payment. Indeed, the contrary is well settled, that a taking is lawful when accomplished under the provision of the declaration of taking statute in force in the District of Columbia, which makes provision for the ascertainment of such compensation and a judgment against the United States for any excess over and above the estimated compensation paid into the registry of the court. Lee v. U. S., 61 U.S.App.D.C. 153, 58 F.2d 879. While the power of eminent domain is an inherent right of sovereignty, it is not open to question that such power lies dormant until legislative action is had pointing out the occasions, modes, agencies and conditions for its exercise. 1 Nichols on Eminent Domain, 3d Ed., 203, Sec. 3.2, citing Secombe v. Railroad Co., 23 Wall. 108, 23 L.Ed. 67. It must, therefore, necessarily follow that a court, in condemnation proceedings, may only direct the taking of possession of the property sought to be condemned in accordance with legislative authority. While the decision of the Circuit Court of Appeals for the Eighth Circuit in Commercial Station Post Office case,

supra, was discussed by our Court of Appeals in the case of Miller v. U. S., 61 U.S. App.D.C. 58, 57 F.2d 424, as one in which it had been held that the taking of the property there created an obligation on the part of the United States to pay the just compensation ascertained in such proceedings, the authority for the taking therein was neither discussed nor considered, as, in the Miller case, there had been no taking, and it was specifically pointed out that the validity and effect of the declaration of taking provisions in our statute were not involved. It is clear that the Commercial Station Post Office case is not controlling in this jurisdiction, and, therefore, in the light of the abundant evidence of the intent of the Congress, to which reference has been made in this memorandum, to determine in what circumstances and under what conditions there may be an advance taking of possession of property under the power of eminent domain, I am forced to the conclusion that, in the present posture of the case, this Court is without power to enter an order for the immediate taking of possession of the property here involved as sought by the Government's motion. The motion is denied.

9. House Document 121, 82d Congress, 1st Session, Amendments to Rules of Civil

Procedure for the United States District Courts, p. 30.