UNITED STATES of America

v.

**76.208 ACRES OF LAND, MORE or LESS, IN the TOWNSHIP OF HORSHAM, COUNTY OF MONTGOMERY, COMMONWEALTH of PENNSYLVANIA, Keith Valley Associates, Ronald S. Mintz, Co-Partner, et al.**

**Civ. A. No. 82–3203.**

United States District Court, E.D. Pennsylvania.

Dec. 20, 1983.

---

Michael K. Baker, Dept. of Justice, Washington, D.C., for plaintiff.

M. Allan Hyman, Garden City, N.Y., Robert Lewis Seigle, Southampton, Pa., Marc D. Jonas, H. David Kraut, Lansdale, Pa., for Horsham Tp.

Morris Gerber, Norristown, Pa., for Ronald S. Mintz, Co-Partners.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This action is a condemnation proceeding by plaintiff, United States, against land located in Horsham Township, Montgomery County, Pennsylvania. Presently before the court are two matters which need to be resolved: 1) whether the United States can amend a Declaration of Taking to permit a use of land currently prohibited under a perpetual restrictive easement acquired by the United States in the Declaration of Taking; and 2) the effect of the United States' filing of a "Statement of Clarification of Estate Taken."

## I. FACTS

On July 23, 1982, the United States filed a complaint and a Declaration of Taking pursuant to 40 U.S.C. § 258a. The taking consisted of two parcels of real estate. Fee simple was acquired by the government over 4.912 acres and a perpetual restrictive easement was acquired over 71.-296 acres. The taking was completed for purposes connected with Willow Grove Naval Air Station flight operations.

The matters presently before the court concern a certain provision of the restrictive easement. That provision, as it is currently stated in the Declaration of Taking, provides that:

> a. The PREMISES shall not be used for *any use other than light industrial purposes* such as, but not limited to those, set forth on Exhibit C1. In any event the PREMISES shall not be used for facilities or other such activities that may result in a concentration of people in excess of *twenty-five (25) persons per acre of land at any one time.*

(Emphasis added).

The United States seeks to amend this provision in order to allow the premises to be used for agricultural as well as light industrial purposes. It proposes an amendment to the Declaration which will insert the words "agricultural or" before the words "light industrial." The United States also seeks this court's approval, by way of its filing of a "Statement of Clarification of Estate Taken," of its position that the concentration restriction of not using the premises for activities that may result

in having more than twenty-five (25) persons per acre of land at any one time means that the number of persons permitted on the entire premises is limited to an average density of 25 per acre. The owners of the condemned property contest both of these requests stating that the Declaration of Taking cannot be amended and that the plain meaning of the words "25 persons per acre" means that no more than 25 persons are permitted on any one acre at any one time. The court will allow the United States to amend the Declaration of Taking to include the words "agricultural or" but disagrees with the United States' interpretation that the concentration restriction as it is currently set forth in the Declaration of Taking means an average density of the entire premises to 25 persons per acre.

## II. DISCUSSION

A) *Amendment of Declaration of Taking*

40 U.S.C. § 258a, in pertinent part, provides:

In any proceeding in any court of the United States outside of the District of Columbia which has been or may be instituted by and in the name of and under the authority of the United States for the acquisition of any land or easement or right of way in land for the public use, the petitioner may file in the cause, with the petition or at any time before judgment, a declaration of taking signed by the authority empowered by law to acquire the lands described in the petition, declaring that said lands are thereby taken for the use of the United States. Said declaration of taking shall contain or have annexed thereto—

(1) A statement of the authority under which and the public use for which said lands are taken.

(2) A description of the lands taken sufficient for the identification thereof.

(3) A statement of the estate or interest in said lands taken for said public use.

(4) A plan showing the lands taken.

(5) A statement of the sum of money estimated by said acquiring authority to be just compensation for the land taken. Upon the filing said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein....

■ While some courts have held that a Declaration of Taking cannot be amended to change the estate taken, *see United States v. Certain Interests in Property Situate in City of Warwick, Com. of Va.*, 281 F.Supp. 342 (E.D.Va.1968); *United States v. 16,572 Acres of Land, More or Less*, 45 F.Supp. 23 (S.D.Tex.1942); *but see, United States v. Crown Zellerbach Corp.*, 60 F.Supp. 853, 861 n. 20 (D.Or.1945), amendments to a Declaration of Taking are permitted where the proposed amendment is to rectify a mistake in the original Declaration. *See United States v. 1,997.66 Acres, More or Less, in Polk County, Iowa*, 137 F.2d 8 (8th Cir.1943); *United States v. Certain Land in Centerline*, 47 F.Supp. 320 (E.D.Mich.1942).

■ In this case the United States asserts that the omission of the words "agricultural or" was inadvertent. In support of this contention the United States cites the following: 1) the copy of the Declaration retained by the Department of Justice contains the words "agricultural or;" 2) one of the main purposes of condemnation proceedings like the instant one is to limit the intensity of development around existing air bases, and an agricultural use is fully compatible with that purpose; and 3) the Declaration contains a provision which

states "nor shall grain crops be planted that will not be harvested when mature," a provision which would be meaningless if agricultural uses were prohibited outright.

The court, having determined that the United States made a mistake in the original Declaration of Taking, will allow the United States to amend the Declaration of Taking. Such an allowance is consistent with the Supreme Court's statement that the filing of a Declaration of Taking does not irrevocably vest title in the government, *see Catlin v. United States,* 324 U.S. 229, 240–41, 65 S.Ct. 631, 637, 89 L.Ed. 911 (1945), and with the aforementioned cases which hold that the government should not be bound by mistakes in a Declaration of Taking. However, because the original restriction could have caused the value of the burdened land to be lower than the value of the same land if it had been burdened with the restriction now sought by the United States, the owners of the land may show at the trial on the issue of damages any harm caused by the more restrictive easement during its existence.

B) *Clarification of the Concentration Restriction*

■ In support of its assertion that this court should accept its version as to the meaning of the phrase "25 persons per acre," the United States cites a number of cases which indicate that in construing a Declaration of Taking, the intention of the United States, as author of the Declaration, should be gathered from the language of the entire Declaration and its surrounding circumstances. *See United States v. Pinson,* 331 F.2d 759, 760–61 (5th Cir.1964); *see also United States v. 21.54 Acres, More or Less, Situate in Marshall County, State of West Virginia,* 491 F.2d 301 (4th Cir.1973); *Bumpus v. United States,* 325 F.2d 264 (10th Cir.1963). While the court does not disagree with the above proposition, such a rule of construction is inapplicable to the instant matter where the phrase in the Declaration is not ambiguous. A plain reading from the plain words of the phrase "the PREMISES shall not be used

for facilities or other activities that may result in a concentration of people in excess of twenty-five (25) persons per acre of land at any one time" compels the obvious conclusion that a violation of the restriction will occur if more than twenty-five persons are located on any one acre at any one time. The phrase does not mean because it does not say, as the United States suggests, that the total number of persons on the 71.25-acre parcel is restricted to an average density of 25 persons per acre. The request of the United States to have this court apply a meaning to words which is clearly contrary to the plain meaning of those words will be rejected.