NORTHERN BORDER PIPELINE
COMPANY, Plaintiff,

v.

127.79 ACRES OF LAND, MORE OR LESS IN WILLIAMS COUNTY, NORTH DAKOTA; **Richard D. Welty and Charlotte E. Welty, et al., and other unknown owners, Defendants.**

Civ. No. A4–81–82.

United States District Court,
D. North Dakota,
Northwestern Division.

Aug. 17, 1981.

Jane Fleck Romanov, Fleck, Mather, Strutz & Mayer, Ltd., Bismarck, N.D., for plaintiff.

Leroy A. Loder, Pringle & Herigstad, Minot, N.D., for defendants.

## MEMORANDUM AND ORDER

VAN SICKLE, District Judge.

The plaintiff, Northern Border Pipeline Company, has presented to the Court a motion for an order granting immediate possession of the right of way and easements sought with respect to Parcel Nos. WM030.0 and WM031.0 located in Williams County prior to the determination of the issue of just compensation. The defendants, who are the legal owners of the parcels which the plaintiff seeks to utilize prior to the determination of the issue of just compensation, oppose the motion.

The plaintiff is a general partner in a partnership consisting of the plaintiff, Northern Plains Natural Gas Company, Northwest Border Pipeline Company, Pan Border Gas Company, United Mid-Continent Company, and TransCanada Border Pipeline, Ltd. The plaintiff holds a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission for construction of a natural gas pipeline from the Canadian Border to Ventura, Iowa. In its complaint, the plaintiff seeks to condemn a permanent easement for the pipeline itself as well as a temporary easement for construction of the pipeline.

In support of its motion, the plaintiff asserts that the Court has the authority under Rule 71A of the Federal Rules of Civil Procedure to grant immediate possession of the parcels to the plaintiff. The general purpose of Rule 71A is to provide a modern and effective procedure for condemnation actions and to supercede other federal procedural statutes concerning condemnation. However, the rule does not supercede the Declaration of Taking Act (Title 40 U.S.C. §§ 258a–258e) or any other statute authorizing the acquisition of title or the taking of immediate possession of the property to be condemned prior to the condemnation proceeding itself. *United States*

v. 76,800 Acres, More or Less, of Land, In Bryan and Liberty Counties, Ga., 44 F.Supp. 653 (D.Ga.1942); United States v. 17,280 Acres of Land, More or Less, Situated in Saunders County, Nebraska, 47 F.Supp. 267 (D.Neb.1942).

Although the plaintiff possesses the authority pursuant to Title 15 U.S.C. § 717f(h) to exercise the right of eminent domain, this right is not in itself sufficient to authorize the taking of immediate possession prior to the condemnation proceeding itself. The authority to take immediate possession conferred by the Declaration of Taking Act and similar statutes which confer the authority to take immediate possession is reserved to the United States. No statutory authority exists which would authorize a private party, such as the plaintiff, to take immediate possession of the real property prior to the condemnation proceeding. Similarly, the authority to take immediate possession of the property cannot be implied in the mere grant to the plaintiff of the right to eminent domain because the language of Title 15 U.S.C. § 717f(h) is unequivocal. In addition, if an ambiguity were found in the statute the result would not change because statutes conferring the right of eminent domain are strictly construed to exclude those rights not expressly granted. See Nichols, The Law of Eminent Domain, Vol. 1 § 3.213[2] (3rd Ed. 1980).

The plaintiff also contends that it is entitled to equitable relief and that the Court has the inherent authority to grant immediate possession of the real property to the plaintiff. In order that a cause may come within the scope of the Court's equity jurisdiction either the primary right which serves as the basis for the cause of action must be equitable rather than legal or the remedy sought must be equitable. If the legal remedy is inadequate, the court may exercise its equitable jurisdiction. Gilliard v. Carson, 348 F.Supp. 757 (D.Fla.1972). A further condition to the granting of equitable relief is that requirement that the party seeking the relief be subject to imminent, irreparable injury in the absence of a grant of equitable relief. Landry v. Daley, 288 F.Supp. 200 (D.Ill.1968). The inherent powers doctrine provides a federal court with various common law equity devices to be used incidental to the authority conferred upon the court by rule or statute. The doctrine is not derived from a statutory base and is rooted in the notion that a federal court, when requested to extend equitable relief, possesses all the common law equity tools in order to process litigation to a just and equitable conclusion. ITT Community Development Corporation v. Barton, 569 F.2d 1351 (5th Cir. 1978).

In order to obtain equitable relief, the plaintiff asserts that immediate possession of the parcels is necessary to meet its construction deadline and to maintain its budget. The delay and expense which the plaintiff would incur in bypassing the parcels owned by the defendants would be great. The plaintiff also asserts that it has the need for immediate possession of the parcels because its construction personnel are ready to begin construction on the pipeline at a point near the location of the parcels held by the defendants. The only legal remedy available to the plaintiff is the condemnation proceeding itself which, under the circumstances of this case, is inadequate. In addition, it is important to note that Congress, in enacting the Alaska Natural Gas Transportation Act (Title 15 U.S.C. § 719 et seq.), has declared that:

"(1) A natural gas supply shortage exists in the contiguous states of the United States;

(2) Large reserves of natural gas in the State of Alaska could help significantly to alleviate this supply shortage;

(3) The expeditious construction of a viable natural gas transportation system for delivery of Alaska natural gas to the United States Markets is in the national interest."

Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint. Roadway Express, Inc. v. Piper, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

Although the plaintiff has not cited direct authority in support of the proposition that the exercise of the inherent powers is appropriate here, the Court believes that the circumstances of this case warrant the exercise of inherent powers. The plaintiff having demonstrated to the Court that its legal remedy is inadequate under the circumstances and that it will be subjected to great delay and expense if immediate possession is not granted, the Court issues the following ORDER:

(1) At such time as the plaintiff desires to take possession of the easements for Parcel Nos. WM030.0 and Wm031.0, the plaintiff will deposit with the Clerk monies equal to the plaintiff's estimate of the amount of just compensation and an additional amount of money or a bond equal to at least twice the plaintiff's estimate of just compensation.

(2) The plaintiff will notify the appropriate defendants of their attorneys that the required deposits have been made and, upon application by the defendants, the Court will order that the payment of the deposit representing the plaintiff's estimate of just compensation be made to the appropriate persons.

(3) The remainder of the deposit or bond shall be disposed of, and any deficiency or overpayment shall be determined and paid in accordance with Rule 71A(j) of the Federal Rules of Civil Procedure.

(4) When the Clerk has received the deposits hereby ordered, the plaintiff may take immediate possession of the easements in Parcel Nos. WM030.0 and WM031.0 and may begin construction of the pipeline.