**NORTHERN BORDER PIPELINE COMPANY, Plaintiff–Appellant,**

v.

**86.72 ACRES OF LAND, et al., Defendants–Appellees.**

No. 98–1167.

United States Court of Appeals, Seventh Circuit.

Argued April 3, 1998.

Decided May 14, 1998.

Christian G. Spesia, Spesia, Ayers & Ardaugh, Joliet, IL, Alexander Moskovic, Bryan V. Reed, Meskovic & Reed, Arlington Heights, IL, Mark D. Howard (argued), Michael A. Hall, Johnson, Bunce & Noble, Peoria, IL, for Northern Border Pipeline Company.

Donald I. Betternhausen, Bettenhausen & Associates, Tinley Park, IL, for 86.72 Acres of Land and Unknown Owners.

Troy A. Lundquist, Best Mangan & Langhenry, Chicago, IL, for Evertt W. Olmstead.

Douglas F. Spesia, Spesia, Ayers & Ardaugh, Joliet, IL, for Northern Illinois Gas Company.

Celeste Cinquino, Righeimer, Martin & Cinquino, Chicago, IL, for Lorraine Davidson.

Timothy J. Rathbun, McKeown, Fitzgerald, Zollner, Buck, Hutchison & Ruttle, Joliet, IL, for Illinois Valley Electric Cooperative, Incorporated and Heritage First National Bank of Lockport.

Daniel L. Kennedy, Kennedy & Associates, Joliet, IL, Richard J. Kennedy, Colorado Springs, CO, for Elmer Charles.

Michael M. Conway (argued), Hopkins & Sutter, Chicago, IL, for Weber Joliet Farms, Incorporated and Natural Gas Pipeline Company of America.

Before FLAUM, EASTERBROOK, and RIPPLE, Circuit Judges.

FLAUM, Circuit Judge.

With a federal certificate of necessity in hand, Northern Border Pipeline Company initiated eminent domain proceedings in the district court to acquire land for an extension of a natural gas pipeline into the Chicago area. Not content with the pace of an ordinary eminent domain proceeding, Northern Border moved for immediate possession of the lands in question and suggested that the court settle the issue of just compensation later. The district court denied this motion for immediate possession, and we affirm.

On August 1, 1997, the Federal Energy Regulatory Commission (FERC) issued a certificate of public convenience and necessity pursuant to 15 U.S.C. § 717f to Northern Border authorizing the company to expand and extend its natural gas pipeline from its existing terminus in Harper, Iowa to a new terminus south of Chicago, Illinois. Under the Natural Gas Act, *id.* §§ 717 to 717z, issuance of the certificate to Northern Border carries with it the power of eminent domain to acquire the necessary land when

other attempts at acquisition prove unavailing:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas ... it may acquire the same by the exercise of the right of eminent domain in the district court of the United States ... or in the State courts....

*Id.* § 717f(h).

■ After some attempts at negotiation with the defendant landowners, Northern Border commenced an eminent domain action in the district court and shortly thereafter filed a motion for immediate possession of the defendants' land. The district court denied the motion on two grounds. First, it held that Northern Border "has no legal right to immediate possession under either federal substantive law or Illinois substantive law." The court then went on to state that even if it accepted Northern Border's argument that it could award immediate possession through the exercise of its inherent equitable powers, "plaintiff has not established to this court that in balancing the appropriate factors, which include the equities among the parties, that this court should grant immediate possession, which is in the nature of a mandatory preliminary injunction". We review the district court's findings of fact for clear error, its balancing of factors for an abuse of discretion, and its legal conclusions *de novo. See Meridian Mut. Ins. Co. v. Meridian Ins. Group, Inc.*, 128 F.3d 1111, 1114 (7th Cir.1997).

■ On appeal, Northern Border does not contest the district court's conclusion that its claim to immediate possession has no basis in substantive federal or state law. The company concedes that the Natural Gas Act does not create an entitlement to immediate possession of the land. Despite this lack of substantive entitlement, however, Northern Border asserts that the district court should have exercised its equitable power to enter a preliminary injunction ordering the defendants to grant the company

immediate possession. Although at least one district court has entered such an injunction in a factually similar case, *see Northern Border Pipeline v. 127.79 Acres of Land*, 520 F.Supp. 170 (D.N.D.1981), Northern Border's argument misapprehends the relief available in preliminary injunction proceedings. A preliminary injunction may issue only when the moving party has a substantive entitlement to the relief sought. Because it disavows any claim that it has a substantive entitlement to the defendants' land *right now*, rather than an entitlement that will arise at the conclusion of the normal eminent domain process, Northern Border is not eligible for the relief it seeks.

An example helps to illustrate the flaws in Northern Border's position. Suppose that two parties agree to cooperate in the development of a software program, and a dispute later develops regarding ownership of the program. *See Square D Co. v. Fastrak Softworks, Inc.*, 107 F.3d 448 (7th Cir.1997). The court has the power to issue a preliminary injunction ordering delivery of the software to the plaintiff if the plaintiff demonstrates a likelihood of success on the merits, a lack of an adequate legal remedy, and satisfaction of the other equitable considerations that factor into a preliminary injunction determination. *See id.* at 448–50. Suppose further that a state statute creates a right of self-help repossession, by which certain parties with a claim to property are allowed to seize that property so long as this can be done without breach of the peace. *See* U.C.C. § 9–503. That the software claimant could not gain immediate possession through the self-help repossession statute (assuming that the statute does not cover this situation) would not curtail the court's ability to award immediate possession of the software to the rightful owner through a valid preliminary injunction.

Northern Border would have us believe that it is in the same position as the successful software claimant in this hypothetical. Like the hypothetical claimant, Northern Border has a substantive claim to property, based on its eminent domain power under § 717f, that is likely to prevail on the merits. (Indeed, no one disputes the validity of the FERC certificate conferring the eminent do-

main power, nor could they do so in this proceeding. *See* 15 U.S.C. § 717r(b) (giving aggrieved parties sixty days from the Commission's decision on rehearing to file a petition with the court of appeals to modify or set aside the Commission's order).) Northern Border asserts that it satisfies all the other equitable preliminary injunction factors as well. For instance, it contends that any significant delay in gaining possession of the land would cause irreparable injury stemming from missed deadlines on its construction and delivery contracts; it also argues that the public interest, as reflected by the FERC's decision to authorize the pipeline extension, would be promoted by an order granting immediate possession. One possible route to immediate possession of the defendants' land would be the exercise of quick-take authority under state law, *see* 735 Ill. Comp. Stat. § 5/7–103, or the federal Declaration of Taking Act, *see* 40 U.S.C. §§ 258a to 258e–1, but Northern Border does not argue that the Natural Gas Act incorporates these statutes. In its view, however, lack of quick-take authority should not defeat the company's request for a preliminary injunction any more than the lack of a right to self-help repossession would bar a preliminary injunction granting immediate possession of the disputed software in the hypothetical above.

The difference between the software hypothetical and Northern Border's case is that the party receiving immediate possession of the software claimed an ownership interest in the property that, if it existed at all, was fully vested even before initiation of the lawsuit. In awarding the preliminary injunction, the court predicted what future proceedings would reveal about the *ex ante* state of affairs between the parties, *i.e.*, that the plaintiff, not the defendant, had the right to possess the property. In contrast, Northern Border puts forth no claim that it has a preexisting entitlement to the defendants' land. Northern Border's rights to the defendants' land do not vest when the FERC issues it a certificate (or, at least, Northern Border does not argue that they do). Northern Border cannot gain immediate possession of the property through a preliminary injunction because it did not present an argument grounded in substantive law establishing a preexisting entitlement to the property. Since Northern Border disavowed any such substantive argument, the district court had no authority to enter a preliminary injunction awarding immediate possession.

We therefore affirm the decision of the district court.