**NORTHWEST PIPELINE CORPO-
RATION, a Delaware corpora-
tion, Plaintiff,**

v.

**The 20′ × 1,430′ pipeline Right of Way
easement    50′ × 1,560′    Temporary
Staging Area, the temporary 50′ × 50′
Dewatering Area, all located in the
NW Quarter of Section 22, Township
26 North, Range 42 East, WM, Spo-
kane, Washington, all located adja-
cent to and parallel to Barnes Road;
Harlan Douglass and Maxine Doug-
lass, husband and wife, Defendants.**

No. CS–01–0246–FVS.

United States District Court,
E.D. Washington.

Jan. 10, 2002.

Joseph Todd Reuter, Preston Gates & Ellis LLP, Spokane, WA, for plaintiff.

Michael John Murphy, Groff & Murphy, Seattle, WA, for defendants.

## ORDER RE MOTION FOR IMMEDIATE POSSESSION

VAN SICKLE, Chief Judge.

**THIS MATTER** came before the Court for a hearing on the plaintiff's motion for summary judgment and immediate possession. The plaintiff is represented by Todd Reuter. Defendants Harlan and Maxine Douglass are represented by Michael J. Murphy. This Order is intended to memorialize the Court's oral determinations and supplement the Court's Order granting immediate possession, which sets out legal descriptions of the easements at issue.

## SUMMARY

In this condemnation action, plaintiff Northwest Pipeline Corporation ("Northwest") asks the Court to grant summary judgment on the issue of defenses to the taking, and to grant immediate possession or in the alternative to grant an expedited trial on the issue of just compensation. The defendants stated that they have no defense to the taking, but resisted immediate possession. The Court grants the motion for immediate possession.

## FACTUAL BACKGROUND

■ The undisputed facts appear to be these: Northwest wants to relocate a natural gas pipeline on to property that is owned by Harlan and Maxine Douglass. The Douglasses at first declined to grant an easement after attempts to agree on just compensation for the taking failed.[1] Northwest then filed this action seeking to condemn an easement pursuant to the power of eminent domain conferred by the Natural Gas Act, 15 U.S.C. § 717 *et. seq.*[2]

Northwest seeks an easement to relocate the gas line from the roadway of an undeveloped section of Barnes Road in Spokane. Barnes Road runs roughly east-west. It is unimproved west of Indian Trail Road. The development concern Tombari/Delay owns the land north of unimproved Barnes Road and immediately west of Indian Trail; another concern,

---

1. The Court notes that shortly before oral argument on the motion the defendants filed a declaration and documents relating to recent settlement negotiations. The plaintiff filed a motion to strike. As the settlement negotiations between the parties following filing of this action are irrelevant to the matters at hand, *see Kern River Gas Transmission Co. v. Clark County, Nevada*, 757 F.Supp. 1110, 1116 (D.Nev.1990) (good faith negotiations required prior to condemnation), the affidavit cannot be considered. Fed.R.Evid. 408. The Court below grants the motion to strike and did not read or consider the defendants's declaration.

2. 15 U.S.C. § 717f(h) states:

    When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to... maintain a pipe line or pipe lines for the transportation of natural gas... it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

Sundance LLC, of which Tombari/Delay is a partner, owns the land south of unimproved Barnes Road and west of Indian Trail. The defendants own the land to the west of the land owned by Tombari/Delay and north of unimproved Barnes Road; this parcel of land is often referred to as "Windhaven," after the residential development that Douglass plans to build on the site. The segment of Northwest's pipe at issue in this litigation runs down the middle of unimproved Barnes Road.

Sundance has received approval for a shopping center to be built at the southwest intersection of Indian Trail and Barnes Road. The City of Spokane conditioned its approval of these plans on the improvement of Barnes Road to "Minor Arterial" standards. Northwest's pipe that now sits under Barnes Road is not designed to be under a road of this size and traffic volume. Therefore, in order for Barnes Road to be improved, and for the Sundance shopping center to be built, the pipe must be relocated so that it sits alongside, and not under, the improved road. The pipe cannot be moved to the south because of safety considerations. Therefore, Northwest must relocate the pipe to the north, which involves getting easements from Tombari/Delay for the portion of the road immediately to the west of Indian Trail, and from the Douglasses for the portion farther to the west.

Tombari/Delay has agreed to grant an easement to Northwest. However, without an easement to relocate the pipeline on the Douglass's land, Northwest cannot move the pipeline adjacent to the Sundance development to allow improvement of the portion of Barnes Road required for

the new shopping center.[3] Therefore, Northwest filed this action to acquire an easement from the Douglasses. Northwest filed the instant motion to seek immediate possession of the easement pending a determination of just compensation.

## ANALYSIS

The Douglasses concede that Northwest is entitled to an easement under the Natural Gas Act, 15 U.S.C. § 717 *et. seq.* Therefore, Northwest's motion for summary judgment on the issue of defenses is granted. The Douglasses argue, however, that Northwest is not entitled to possession of the land until after just compensation has been determined; therefore, they oppose Northwest's request for immediate possession of the land.

### A. Can Northwest Seek Immediate Possession?

As a holder of a "certificate of public convenience and necessity" issued by the Federal Energy Regulatory Commission, Northwest filed this condemnation under the Natural Gas Act, which provides that "[w]hen any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas ... it may acquire the same by the exercise of the right of eminent domain in the district court of the United States ... or in the State courts." 15 U.S.C. § 717f(h).

Northwest concedes, as it must, that nothing in the Natural Gas Act specifically

---

**3.** Tombari/Delay had previously permitted Northwest to maintain the pipeline under unimproved Barnes Road through an agreement that was recently revoked. The Court notes that Tombari–Delay recently filed an ejectment action along with Sundance against

Northwest in state court. Northwest removed to federal court; the action has been assigned to this Court. On January 7, 2002, Tombari/Delay–Sundance filed a motion for a preliminary injunction to remove Northwest's pipeline from its property.

authorizes immediate possession. Rather, Northwest argues that this Court should exercise its inherent powers of equitable relief and award immediate possession because Northwest faces a risk of immediate and irreparable injury, and because immediate possession is in the public interest.

■ The parties appeared to dispute whether Fed.R.Civ.P. 71A, and not state law, provides the procedural rules for this action.[4] However, the dispute did not appear to be pivotal for the parties. The Court finds that Rule 71A governs, noting only that this issue has not been decided in this Circuit. However, other courts have addressed the issue, and have concluded that the explicit language of the Natural Gas Act regarding the use of state law has been repealed by implication through the adoption of Rule 71A, which provides uniform rules for all condemnation proceedings in the federal courts.[5] *See Southern Natural Gas Co. v. Land, Cullman County,* 197 F.3d 1368, 1372 (11th Cir.1999) (Rule 71A impliedly repealed language of statute because rule adopted after law passed, and was designed to eliminate confusion resulting from use of various state laws and rules in federal condemnation actions); *National Fuel Gas Supply Corp. v. 138 Acres of Land,* 84 F.Supp.2d 405, 416 (W.D.N.Y.2000) (collecting cases).

■ Turning to the merits, the defendants point out that the Seventh Circuit rejected a claim for immediate possession that was nearly identical to Northwest's claim in *Northern Border Pipeline Co. v.*

*86.72 Acres of Land,* 144 F.3d 469, 471–72 (7th Cir.1998) (*"Northern Border II"*), holding that a condemnor has no right to the condemned land immediately, but that the right was only "an entitlement that will arise at the conclusion of the normal eminent domain process." *Id.* Because the plaintiffs could not demonstrate a preexisting right to immediate possession, the court held that under normal principles governing immediate equitable relief the plaintiff could not seek expedited possession. *Id.*

The defendants assert that the Seventh Circuit's ruling represents the majority position, and that those district courts that have ruled otherwise are in the majority. The Court finds this position to be unsupported. A number of courts before the Seventh Circuit's ruling granted immediate possession using general equitable powers. *See, e.g., Northern Border Pipeline Co. v. 127.79 Acres of Land,* 520 F.Supp. 170, 172 (D.N.D.1981) (*"Northern Border I"*) (holding that plaintiff would suffer economic harm from delay, national interest supported immediate possession, and "[t]he only legal remedy available to the plaintiff is the condemnation proceeding itself which, under the circumstances of this case, is inadequate."); *Kern River Gas Transmission Co. v. Clark County, Nevada,* 757 F.Supp. 1110, 1116 (D.Nev. 1990) (granting immediate occupancy of parcel when defendants conceded that they had no defense to taking, citing *Northern Border I*); *USG Pipeline Co. v. 1.74 Acres*

---

**4.** This issue has potential significance because Washington State law may provide rights to immediate possession not available under federal law.

**5.** The statutory language at issue is: "The practice and procedure in any action or proceeding [to condemn property under the Act] in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding

in the courts of the State where the property is situated." 15 U.S.C. § 717f(h). Because the Court concludes that Northwest is entitled to immediate possession under federal law, it is immaterial whether Washington law might provide greater rights to Northwest; thus it is also unnecessary to delve deeply into whether the Eleventh Circuit's holding comports with general principals of Ninth Circuit jurisprudence.

*in Marion County, Tennessee*, 1 F.Supp.2d 816, 825–26 (E.D.Tenn.1998) (granting immediate possession even though FERC certificate was contested, when pipeline company risked substantial financial losses and potential job creation by plant reliant on gas line would be delayed). Following the Seventh Circuit's decision at least three courts have held that equitable relief is available, although one denied such relief. *See Nat'l Fuel Gas Supply Corp. v. 138 Acres of Land*, 84 F.Supp.2d 405, 415 (W.D.N.Y.2000) (denying immediate possession because condemnation proceeding was adequate legal remedy and no showing of irreparable injury); *Northern Border Pipeline Co. v. 64.111 Acres of Land*, 125 F.Supp.2d 299 (N.D.Ill. 2000) ("*Northern Border III*") (granting immediate possession when right to easement not contested because judgment of condemnation already entered and defendants did not show any harm from early possession); *Tenn. Gas Pipeline Co. v. New England Power, C.T.L., Inc.*, 6 F.Supp.2d 102, 104 (D.Mass.1998) ("[T]he district court does have the equitable power to grant immediate entry and possession where such relief is essential to the pipeline construction schedule."); *see also Humphries v. Williams Natural Gas Co.*, 48 F.Supp.2d 1276, 1280 (D.Kan.1999) (opining that the previous statement from *Tenn. Gas* represents "well settled" law); *Portland Natural Gas Transmission System v. 4.83 Acres of Land*, 26 F.Supp.2d 332, 336 (D.N.H.1998) (granting immediate possession when gas company had complied with state condemnation procedures). Indeed, the defendants have failed to cite any case that relies on the Seventh Circuit's holding that equitable relief is categorically unavailable in a condemnation proceeding under the Natural Gas Act.

Further, the Court finds it difficult to harmonize the Seventh Circuit's ruling with Ninth Circuit precedent on the issue of equitable relief. The relief that Northwest seeks is in the nature of a preliminary injunction. "[T]he traditional equitable criteria for granting a preliminary injunction . . . are '(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiffs; and (4) advancement of the public interest.'" *Mayweathers v. Newland*, 258 F.3d 930, 938 (9th Cir.2001) (*quoting Textile Unltd., Inc. v. A. BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir.2001)). "In this circuit, the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." *Textile Unltd.*, 240 F.3d at 786 (internal punctuation and citations omitted).

The Seventh Circuit's decision is at odds with these standards inasmuch as it would require the plaintiff not to show a *likelihood* of success but rather to have *already* succeeded on the merits of its claimed right of condemnation. *See Northern Border III*, 144 F.3d at 472 (plaintiff only entitled to immediate possession if it has "ownership interest in the property that . . . was fully vested even before the initiation of the lawsuit."). Adopting the Seventh Circuit's holding would vitiate this portion of the Ninth Circuit's standard for issuance of a preliminary injunction. In this case, where there is no dispute about the validity of Northwest's actual right to the easement and the defendants have made no showing that they will be prejudiced by immediate possession, following the Seventh Circuit's categorical approach would produce an absurd result. Therefore the Court declines to follow the Seventh Circuit's holding in *Northern Border II*.

### B. Is Northwest Entitled to Immediate Possession?

■ Having concluded that Northwest may seek immediate possession of the easement through the Court's inherent powers, the Court turns to a substantive analysis of whether Northwest has met the criteria for an injunction for immediate possession. Northwest has clearly shown a likelihood that it will prevail in this regard, because the defendants have conceded that Northwest's FERC certificate entitles it to an easement for relocation of the gas line.

Northwest has also shown a likelihood of irreparable harm. While the plaintiffs have raised serious questions about whether Northwest's own economic position would be jeopardized by a delay in possession pending the outcome of a "full compensation" hearing, recent events of which the Court takes judicial notice (specifically, Tombari/Delay–Sundance's filing a suit to eject Northwest from its property immediately to the west of Indian Trail) do demonstrate that Northwest is in something of a bind that may adversely affect it economically. In addition, Northwest has produced evidence that the City of Spokane considers the improvement of Barnes Road to be vital to the improvement of the transportation infrastructure in the Indian Trail area, which is undergoing rapid growth. The effects of delayed improvement of the road are irreparable in the sense that increased traffic congestion and consequent safety problems cannot be compensated financially.

Third, the balance of the equities clearly favors Northwest. The defendants have put forward no evidence indicating that they will suffer any damages from immediate relocation of the gas pipeline. Even if damages accrue to the defendants from immediate possession, the defendants's interests will be protected by Northwest's posting a bond or deposit of money for future compensation. Finally, as noted above the improvement of Barnes Road in general will benefit the public. The completion of the planned shopping center which depends on the improvement of at least a portion of Barnes Road will provide easier access to the services needed by a growing neighborhood, and job creation.

The Court concludes that Northwest has satisfied the criteria for a preliminary injunction in the nature of immediate possession of the requested easement.

### CONCLUSION

The Court grants the motion for summary judgment, and concludes that Northwest may seek preliminary relief under the inherent powers of the Court. The Court further finds that Northwest has met the criteria for immediate possession of the easement, as it has been conceded that it would prevail on the condemnation issue at trial and has shown that it faces immediate economic harm and that there is a danger of irreparable harm if immediate possession is not granted, and that immediate possession is in the public interest. The Court orders Northwest to deposit $400,000 in bond or cash with the Clerk as a condition for immediate use and possession.

### IT IS HEREBY ORDERED THAT:

Northwest's Motion for Summary Judgment and Immediate Possession (**Ct. Rec.____**) is **GRANTED**. Further, Northwest's Motion to Strike (**Ct.Rec.____**) is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.