# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TRANSWESTERN PIPELINE COMPANY,
LLC, a Delaware limited liability
company,
                    *Plaintiff-Appellant,*

                    v.

17.19 ACRES OF PROPERTY
LOCATED IN MARICOPA COUNTY,
more or less; AGUA FRIA
INVESTMENTS, LLC, a Delaware
limited liability company; FIRST
NATIONAL BANK OF OLATHE, a
Kansas corporation; J. LAWRENCE
MCCORMLEY,
                    *Defendants-Appellees.*

No. 08-15991

D.C. No.
2:08-cv-00033-JWS

OPINION

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Submitted December 1, 2008*
Pasadena, California

Filed December 11, 2008

Before: Harry Pregerson, Cynthia Holcomb Hall and
N. Randy Smith, Circuit Judges.

Opinion by Judge Hall

---

*This panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed. R. App. P. 34(a)(2).

16281

## COUNSEL

John C. Lemaster, Ryley Carlock & Applewhite, Phoenix, Arizona, and Jeffrey L. Hinds, Bricklemyer Smolker & Bolves, P.A., Tampa, Florida, for the appellant.

Steven A. Hirsch, Bryan Cave LLP, Phoenix, Arizona, for the appellees.

Kenneth B. Bley, Cox, Castle & Nicholson LLP, Los Angeles, California, for the amici curiae.

## OPINION

HALL, Senior Circuit Judge:

Transwestern Pipeline Co. (Transwestern) appeals the district court's denial of its preliminary injunction motion seeking immediate possession of appellee landowners' parcels of land. As a holder of a valid Federal Energy Regulatory Commission (FERC) certificate, Transwestern claims it is entitled to condemn appellees' land pursuant to § 717f(h) of the Natural Gas Act (NGA). The district court denied the injunction, holding that, until condemnation proceedings are completed, Transwestern maintains no substantive right of possession and therefore the district court lacked authority to grant preliminary equitable relief. The district court had jurisdiction pursuant to 15 U.S.C. § 717f(h) and 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). We affirm and hold that, until an order of condemnation issues pursuant to the requirements of 15 U.S.C. § 717f(h), Transwestern has no substantive right of possession.

## I. Background

Transwestern owns and operates natural gas pipelines serving much of the Southwest. Following the review of its application and completion of public hearings, the Federal Energy Regulatory Commission (FERC) issued a Certificate of Public Convenience and Necessity (the Certificate) approving Transwestern's proposed construction and expansion of a natural gas pipeline to meet the demands of a growing Phoenix mar-

ket. The Certificate provided that Transwestern was to complete the construction within one year of issuance, or by November 15, 2008.[1]

Several property owners affected by the Certificate, most prominently the Town of Buckeye, Arizona, opposed the Certificate's issuance and filed a petition for rehearing of the Certificate with FERC. The petition alleged insufficient process in approving the Certificate and requested that the proposed pipeline route bypass a number of master planned communities. FERC denied the petition for rehearing, *see* 2008 WL 461054 (F.E.R.C.) and, pursuant to the process outlined by the Natural Gas Act (NGA), several petitioners appealed the denial to the D.C. Circuit. *See* 15 U.S.C. § 717r. These appeals have since been dismissed during the pendency of this appeal. *See Town of Buckeye v. F.E.R.C.*, No. 08-1126 (D.C. Cir. filed June 27, 2008); *El Paso Natural Gas Co. v. F.E.R.C.*, No. 08-1161 (D.C. Cir. filed Aug. 25, 2008).[2]

Because neither the rehearing nor the appeal automatically stayed the Certificate's enforcement, *see* § 717r(c), Transwestern continued to pursue its construction objectives throughout this time. Transwestern was able to reach an agreement on an easement price with most of the 897 affected landowners. With regard to the remaining 129 parcels, Transwestern filed condemnation actions in the district court of Arizona. The NGA authorizes FERC Certificate holders to acquire neces-

---

[1] The ramifications of a possible delay in completion are uncertain, however, as 18 C.F.R. § 157.20(b) (1999), as cited in the Certificate, appears only to require that Transwestern notify FERC within ten days of expiration of the Certificate if it is unable to meet the imposed timetable to commence service. During the pendency of this appeal, Transwestern was, in fact, able to obtain an extension with FERC to complete the project by a revised deadline of April 15, 2009.

[2] On August 25, 2008, the El Paso National Gas Company appeal was placed in abeyance, pending the completion of a proposed sale.

sary land by the exercise of the right of eminent domain, after negotiations with affected landowners fail. § 717f(h).[3]

After consolidating the actions, Transwestern sought a preliminary injunction to obtain immediate possession of the contested parcels. Transwestern claimed entitlement to relief under the court's equitable powers and, specifically, Rule 65 of the Federal Rules of Civil Procedure. Transwestern argued that the FERC certificate and NGA § 717f(h) guaranteed its success on the merits, and it would suffer irreparable harm if it could not take possession immediately, citing construction delays and resulting expenses, the necessity of complying with the timeline provided by the Certificate, its desire to meet contractual forecasts with suppliers and customers, and the public interest in getting the pipeline in service before fall 2008. The landowners argued the Certificate was improperly granted and also contested the severity and nature of Transwestern's harm. They argued primarily that any harm incurred by Transwestern was illusory and created by Transwestern's own choice to prematurely enter contracts, and that Transwestern could easily obtain an extension of the FERC deadline.

---

[3]15 U.S.C. § 717f(h) reads:

When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations and equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and proceeding in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceedings in the courts of the State where the property is situated. . . .

Following a lengthy evidentiary hearing, the district court denied the preliminary injunction. Without reaching the parties' factual contentions or balancing hardships, the district court held that it lacked authority to grant immediate possession under the terms of the NGA, and doing so would effectively grant Transwestern a substantive quick-take power not authorized by the statute.

During this appeal process, Tranwestern was able to settle with all but one affected landowner, Agua Fria Investments, LLC, the remaining appellee in this action.

## II.   Standard of Review

"In general, we review the denial of a preliminary injunction for abuse of discretion. The district court, however, necessarily abuses it discretion when it bases its decision on an erroneous legal standard or on clearly erroneous findings of fact. When the district court is alleged to have relied on an erroneous legal premise, we review the underlying issues of law de novo." *Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir. 2003) (citations omitted). Here, the district court found that it lacked authority to grant the preliminary injunction. This appeal thus presents a legal question that we review de novo.

## III.   Discussion

### A.   Statutory Right to Possession Under NGA § 717f(h)

[1] The usual process by which the government or another authorized party takes property for public use is through the straight condemnation proceeding. In straight condemnation actions, the government takes possession of the land following an order of condemnation and a trial determining just compensation. *See* 40 U.S.C. § 3113; *Kirby Forest Ind., Inc. v. United States*, 467 U.S. 1, 3-4 (1984) (outlining different

authority and procedures used by the government to condemn property).

**[2]** Certain other statutes, chiefly the Declaration of Taking Act (DTA), provide an additional quick-take power, by which the government's right of possession vests immediately upon filing a declaration of public use and assuring the court that the government will pay the full just compensation amount, once determined, by deposit, appropriation, or otherwise. *See* 40 U.S.C. § 3114 (DTA); *Kirby*, 467 U.S. at 4-5; *Commercial Station Post Office v. United States*, 48 F.2d 183, 184-186 (8th Cir. 1931) (granting immediate possession to the government after the order of condemnation issued, but before just compensation was determined, because a congressional appropriation existed to acquire contested property). Congress has granted quick-take authority in only a limited number of statutes, including the Atomic Energy Act and the Second War Powers Act, and only for use by the federal government. *See United States v. Parcel of Land, etc.*, 100 F. Supp. 498, 501, 503, n.8 (D.D.C. 1951). Furthermore, the Uniform Relocation Assistance and Real Property Acquisitions Policy Act of 1970 limits the use of quick-take power and requires "to the greatest extent practicable," that the federal government use straight condemnation proceedings. 42 U.S.C. § 4651.

**[3]** The "additional [quick-take] right conferred" by Congress is missing from § 717f(h) of the NGA. *See Parcel of Land*, 100 F. Supp. at 501 (discussing the separate substantive right of the quick-take power, which must be expressly granted in a statute by Congress) (citing *Catlin Trustees v. United States*, 324 U.S. 229, 239 (1945)). All courts examining the issue have agreed that the NGA does not authorize quick-take power, nor can it be implied, because eminent domain statutes are strictly construed to exclude those rights not expressly granted. *See Humphries v. Williams Nat'l Gas Co.*, 48 F. Supp. 2d 1276, 1281 (D. Kan. 1999); *see also Northern Border Pipeline Co. v. 86.72 Acres of Land*, 144 F.3d 469, 471 (7th Cir. 1998) (*Northern Border*); *Northwest*

*Pipeline Corp. v. The 20″ x 1,430′ Pipeline Right of Way*, 197 F. Supp. 2d 1241, 1243-1244 (E.D. Wash. 2002); *Northern Border Pipeline Co. v. 127.79 Acres of land, more or less in Williams County, N.D.*, 520 F. Supp. 170, 173 (D.C.N.D. 1981).

**[4]** Transwestern concedes that the NGA itself does not authorize quick-take power, but cites numerous cases for the proposition that courts nonetheless have authority to grant immediate possession in condemnation actions under their equitable powers. *See, e.g.*, *City of Oakland v. United States*, 124 F.2d 959, 963 (9th Cir. 1942); *Commercial Station*, 48 F.2d at 184; *United States v. Fisk Bldg.*, 99 F. Supp. 592, 594-595 (S.D.N.Y. 1951); *United States v. A Certain Tract or Parcel of Land in Chatham County*, 44 F. Supp. 712, 716 (S.D. Ga. 1942). These cases, however, do not address a private entity condemning property under the limited statutory authority of the NGA. Instead, these cases rely on other statutes, or on the inherent power of the United States government as sovereign, to condemn property. *See, e.g.*, *Commercial Station*, 48 F.2d at 185 (relying on direct legislative act and appropriation); *Chatham County*, 44 F. Supp. at 716 (relying on inherent powers of United States government as sovereign). Additionally, in each case, the court was first assured of an adequate provision for payment. The government is able to proceed and condemn land, even where no appropriation has been made, because the Fifth Amendment ensures just compensation and serves as an implied promise to pay. *See Commercial Station*, 48 F.2d at 185. As a private entity, Transwestern has neither sovereign authority nor the backing of the U.S. Treasury to assure adequate provision of payment. The cited cases are inapplicable.[4]

---

[4]In addition, each of these cases preceded the passage of the Uniform Relocation Assistance and Real Property Acquisitions Policy Act of 1970, mentioned above. 42 U.S.C. § 4651. We question whether the cases would have all reached the same result if the government had the additional burden of showing that straight condemnation proceedings were not at all practicable.

## B. Preliminary Injunction Authority Under Rule 71.1 and 65 of the Federal Rules of Civil Procedure

Transwestern correctly asserts that Federal Rule of Civil Procedure Rule 71.1 governs condemnation procedure in the district court. It argues that ordinary preliminary injunctions are permitted under Rule 65 because quick-take proceedings are not specifically addressed by Rule 71.1, and because 71.1(a)[5] specifically incorporates the other Rules.[6] In support of this proposition, Transwestern cites both Ninth Circuit and Supreme Court cases holding that absent clear limiting language in a statute, the district court retains its equitable power to issue injunctions. *See Califano v. Yamasaki*, 442 U.S. 682, 705 (1979); *United States v. Alisal Water Corp.*, 431 F.3d 643, 654 (9th Cir. 2005).

This argument fails to recognize that *procedural* rules cannot provide the basis for new *substantive* rights.[7] It also

---

[5]Rule 71.1(a) Applicability of Other Rules

These rules govern proceedings to condemn real and personal property by eminent domain, except as this rule provides otherwise.

[6]In fact, Rule 71.1 may not apply at all to quick-take power as the original notes to the May 1948 draft of the Rules stated: "Rule 71A is not intended to and does not supercede the Act of February 26, 1931 [DTA], which is a supplementary condemnation statute, permissive in its nature and designed to permit the prompt acquisition of title by the United States, pending condemnation proceedings, upon a deposit in court . . . the same is true insofar as the following or any other statute authorize the acquisition of title or the taking of immediate possession." *Parcel of Land*, 100 F. Supp. at 503, n.8.

[7]While Rule 71.1 cannot provide additional substantive rights under the NGA, it seems clear that it does supercede that part of the § 717f(h) which requires the district court to "conform as nearly as may be with the practice and procedure in similar action or proceedings in the courts of the State where the property is situated." The Supreme Court interpreted the precise language of the NGA in two other condemnation statutes and found it to be superceded by the Federal Rules of Civil Procedure. *See*

ignores that preliminary injunctions, including those upheld in the cited cases, are primarily issued to preserve the status quo of the parties and as a means for the court to retain jurisdiction over the action. Here, Transwestern seeks not to preserve the status quo, but instead seeks a mandatory injunction, which is "particularly disfavored" in law. *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (holding that mandatory preliminary injunctions should be denied "unless the facts and law clearly favor the moving party").

**[5]** In *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 323 (1999), the Supreme Court held that a district court lacks authority to grant a preliminary injunction under Rule 65 if the party does not have a substantive right to the injunction. There, even where the moving party creditor ultimately received final judgment and a permanent injunction, the creditor had no substantive right to freeze the debtor's assets until the judgment issued. *Id.* Only with the actual judgment did the creditor's substantive right to the debtor's assets accrue, "[n]otwithstanding the fusion of law and equity by the Rules of Civil Procedure . . . ." *Id.* The Supreme Court's analysis in that case helps to illustrate that "likelihood of success on the merits" does not subsume the entire preliminary injunction analysis and allow parties to obtain relief before bearing the burden of proof in their claim.

**[6]** Here, Transwestern's substantive right to condemn the

*Kirby Forest*, 467 U.S. at 4, n.2; *United States v. 93.970 Acres of Land*, 360 U.S. 328, 333 (1959). While there is no Supreme Court holding specifically finding the condemnation provision of the NGA to be superceded by Rule 71.1, there appears to be no argument for distinguishing the NGA's language. Indeed, other courts have already determined that Rule 71.1 did supercede the state procedural provisions of the NGA. *See Nat'l Fuel Gas Supply Corp. v. 138 Acres of Land*, 84 F. Supp.2d 405, 415 (W.D.N.Y. 2000); *Guardian Pipeline, L.L.C. v. 950.80 Acres of Land*, 210 F. Supp.2d 976, 979 (N.D. Ill. 2002) (citing *Southern Nat'l Gas Co. v. Land, Cullman County*, 197 F.3d 1368, 1373 (11th Cir. 1999)).

affected parcels accrues only through the issuance of an order of condemnation by the district court. To obtain such an order, Transwestern must, at minimum, meet the requirements of § 717f(h), which include showing: "(1) that it holds a FERC certificate authorizing the relevant project, (2) that the land to be taken is necessary to the project; and (3) that the company and the landowners have failed to agree on a price for the taking . . . . In addition to showing an inability to agree on a price with the landowner, [Transwestern] must also establish that it engaged in good faith negotiations with the landowner." *Nat'l Fuel Gas Supply Corp. v. 138 Acres of Land*, 84 F.Supp.2d 405, 416 (W.D.N.Y. 2000) (citations omitted).[8]

**[7]** Most courts presented with the issue agree that a plaintiff gas company must secure an order of condemnation before taking possession. In *Northern Border*, the Seventh Circuit held that the gas company could not obtain a preliminary injunction without first showing a "substantive claim to immediate possession." *Norther Border Pipeline Co. v. 86.72 Acres of Land*, 144 F.3d 469, 472 (7th Cir. 1998). In *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004), the Fourth Circuit found that the district court's grant of immediate possession was appropriate only where an order of condemnation had first issued. In construing the holding of *Northern Border*, the *Sage* court agreed that without first accruing its substantive right of possession through an order of condemnation, the gas company could not invoke the court's equitable powers. *Id.* at 828. *Sage* also cited *Northern Border Pipeline Co. v. 64.111 Acres of Land*, 125 F. Supp.2d 299, 301 (N.D. Ill. 2000) and *Guardian Pipeline,*

---

[8]Before satisfying the requirements to condemn under the NGA, Transwestern could likely obtain a preliminary injunction which sought only to maintain the jurisdiction of the court and the status quo of the parties. As contemplated, such an injunction could prevent the landowners from altering their land in such a way that would make the property unsuitable for the gas company's use or would prohibitively increase the cost of its use. Transwestern has not sought such relief.

*L.L.C. v. 950.80 Acres of Land*, 210 F. Supp. 2d 976, 979 (N.D. Ill. 2002), cases interpreting the Seventh Circuit's *Northern Border* decision and which granted possession to gas companies only following judgments of condemnation.

Transwestern relies upon *Northwest Pipeline*, because there the district court relied heavily on the court's equitable powers to grant a preliminary injunction under the NGA. *Northwest Pipeline Corp. v. The 20' x 1,430' Pipeline Right of Way*, 197 F. Supp. 2d 1241, 1246 (E.D. Wash. 2002). Transwestern argues that the *Northwest Pipeline* decision cannot be reconciled with the district court's decision in this case. But its reliance is misplaced. The court in *Northwest Pipeline* granted the gas company possession only after first deciding the gas company's summary judgment motion, issuing an order of condemnation, and requiring the gas company to deposit the estimated fair market value of the condemnation. *Id.* Using the court's equitable powers after issuing an order of condemnation and ensuring the preliminary injunction standard is met was proper. The *Northwest Pipeline* decision is also consistent with the district court's actions here, as Transwestern did not file any summary judgment motion before seeking immediate possession.

**[8]** Given the limited statutory authority afforded by the NGA, an order of condemnation must be issued before the substantive right of taking accrues. This approach strikes the correct balance of requiring the gas company to satisfy all elements of the statute, but does not require it to wait for the full determination of just compensation for each parcel before the district court uses its equitable powers to grant possession. Rather, once the order is issued, the district court can require Transwestern to deposit the full estimated amount of the taking and engage in the standard preliminary injunction analysis, as it did in *Northwest Pipeline*.

Requiring an order of condemnation also protects the due process rights of landowners by affording them the opportu-

nity to show that the gas company is exceeding the authorization under the Certificate, or that the gas company did not negotiate in good faith, before losing possession of their properties. This protection is particularly necessary when, as here, the landowners have challenged the validity of the FERC certificate itself in a separate proceeding.[9]

## IV.  Conclusion

[9] We hold that the substantive right to condemn under § 717f(h) of the NGA ripens only upon the issuance of an order of condemnation. At that point, the district court may use its equitable powers to grant possession to the holder of a FERC certificate if the gas company is able to meet the standard for issuing a preliminary injunction.

AFFIRMED.

---

[9]The NGA does not allow landowners to collaterally attack the FERC certificate in the district court, it only allows enforcement of its provisions. *See Williams Nat'l Gas Co. v. City of Oklahoma City*, 890 F.2d 255, 264 (10th Cir. 1989). As noted above, during the pendency of this appeal, FERC denied the petition for rehearing and the appeals to the D.C. Circuit have been dismissed.