*Millennium Pipeline Co., L.L.C. v. Certain Permanent and Temporary Easements*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand fourteen.

PRESENT:
> RALPH K. WINTER,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

———————————————————————

Millennium Pipeline Company, L.L.C,

> *Plaintiff-Appellee,*

v.                                          13-696

Certain Permanent and Temporary Easements
in (No Number) Thayer Road, S.B.L. No.
63.00-1-24.1, Town of Erin, County of
Chemung, New York,

> *Defendant,*

Unknown Owners,

*Defendants*,

**Nathaniel Hendricks,**

*Defendant-Appellant*.

| | |
|---|---|
| **FOR PLAINTIFF-APPELLEE:** | Mark D. Lansing, Hiscock & Barclay, LLP, Albany, NY. |
| **FOR DEFENDANT-APPELLANT:** | Nathaniel Hendricks, *pro se*, Brooklyn, NY. |

Appeal from the judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In this condemnation action brought pursuant to the Natural Gas Act, 15 U.S.C. § 717, *et seq.*, Defendant-Appellant Nathaniel Hendricks, *pro se*, appeals from the district court's judgment and orders granting Millennium Pipeline Company, L.L.C. a permanent easement in Hendricks's property to run a natural gas pipeline and awarding Hendricks $8,258 as just compensation. We assume the parties' familiarity with the case.[1]

---

[1] We review orders granting summary judgment *de novo*. *See Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* In determining whether there are genuine disputes of material fact, we are "'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trs. of Columbia Univ.*

Millennium is the holder of a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") in 2002 and amended by a December 2006 FERC order. The certificate authorized Millennium to construct and operate a 182-mile natural gas pipeline running through southwestern New York. The company brought this action pursuant to 15 U.S.C. § 717f(h), seeking an order granting it temporary and permanent easements in Hendricks's real property located in Chemung County, New York that would allow it to construct and operate the pipeline. On appeal, Hendricks challenges the district court's determination that Millennium was entitled to the easements and its finding as to the amount of just compensation due. With respect to Millennium's entitlement to the easements, Hendricks argues that the company violated the FERC certificate by altering the authorized pipeline route, which resulted in the pipeline crossing his property. Certain "alignment sheets," or surveys, Millennium filed with the Commission showed that the then-proposed pipeline would run slightly to the north of Hendricks's property on neighboring land. As constructed, however, the pipeline crossed two corners of Hendricks's property, requiring Millennium to seek the disputed easements.

_in City of N.Y._, 131 F.3d 305, 312 (2d Cir. 1997)). To defeat a summary judgment motion, however, "the non-moving party must come forward with specific facts showing that there is a genuine issue of material fact for trial." _Shannon v. N.Y. City Transit Auth._, 332 F.3d 95, 99 (2d Cir. 2003). "Conclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact." _Id_. (citation, quotation marks, and ellipses omitted).

Millennium did not violate its certificate. Millennium submitted evidence suggesting that the pipeline route had not changed, but rather that the extent of Hendrick's property had been in dispute. Later drawings with the correct property lines showed the pipeline in the same place, but running across what was now shown to be Hendricks' land. Hendricks presented no specific facts contradicting this evidence, offering only his unsupported assertions that the pipeline route must have been altered. Such speculation is insufficient to defeat summary judgment. *See Shannon v. N.Y. City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003).

Hendricks also contends that, prior to commencing the action, Millennium failed to negotiate in good faith a price for the easements sought. The district court correctly noted that courts are split as to whether a company must show that it negotiated in good faith before obtaining property by eminent domain under § 717f(h). *Compare Transwestern Pipeline Co., LLC v. 17.19 Acres*, 550 F.3d 770, 776 (9th Cir. 2008) (good faith required), *with Maritimes & Northeastern Pipeline, L.L.C. v. Decoulos*, 146 F. App'x 495, 498 (1st Cir. 2005) (declining to impose a good faith requirement). We need not address whether § 717f(h) requires good faith negotiation because, even if it did, that standard was met here: Millennium made several offers to purchase the easement and its final offer was well above any market value supported by the record.

Although Hendricks argues that Millennium failed to provide him with licenced surveys of the pipeline on his property, Millennium submitted evidence that it could

4

not prepare such surveys because Hendricks would not allow its surveyors access to his property. Accordingly, we conclude that the district court properly determined that Millennium was entitled to the sought-after easements.

Turning to the issue of just compensation, Hendricks argues that the district court improperly disregarded his evidence that the highest and best use of his property was as a pipeline corridor. The only "evidence" he offered in support of this position, however, were several scholarly works suggesting that real estate appraisers should take into account such factors when valuing a property. Significantly, he did not offer a competing appraisal of the property using the methods described in his proffered articles, nor did he even personally assign a dollar amount to the purported increase in value if the property were used as a pipeline corridor. In addition, although Hendricks offered evidence that he had agreed with another gas company to sell pipeline easements over a different property he owned for $28,400, that evidence does not create a genuine dispute of fact concerning the valuation of Hendricks's property at issue in this case because he gave no indication that the properties were comparable.

Finally, during its construction of its pipeline, Millennium removed from Hendricks's property several portions of an abandoned pipeline that had once been used for petroleum. Hendricks argues that the removal of this pipeline may have caused environmental damage to his property that was not accounted for in the district court's just compensation award. Millennium, however, proffered evidence that there

were no visible signs of contamination upon removal of the pipes. While Hendricks

posits that there may have been contamination that was not discernable by a visual

inspection, he came forward with no specific facts or evidence, such as soil tests or

expert evaluations, suggesting that this was the case. Accordingly, the district court did

not err when it declined to factor environmental damage into its just compensation

award.

We have considered all of Hendricks's remaining arguments and find them to be

without merit. Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>